■ In the Matter of RUSSELL M. SEIM, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York and Administrator of the New York State and Local Police and Fire Retirement System, Respondent. [595 NYS2d 136] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner was a police officer for the Marine Bureau of the Suffolk County Police Department. He was injured after completing a repair on the boat to which he was assigned and caught his foot in an open hatch. Contrary to petitioner's

contentions, there is substantial evidence in the record to support respondent's conclusion that the injuries were the result of petitioner's own misstep and a risk inherent in the performance of his duties *(see, Matter of Chambers v Regan,* 125 AD2d 920; *Matter of Finnegan v Regan,* 116 AD2d 878). The police officer working with petitioner at the time of the incident testified that it was petitioner who opened the hatch and that it was open when petitioner "stumbl[ed]" on it. The police officer stated that although it was dusk, he could clearly see 50 yards beyond the boat's bow and that he could see petitioner's feet. Petitioner's testimony that he was not aware that the hatch was open and that it was dark at the time merely raised a question of credibility for respondent to resolve *(see, Matter of Dering v Regan,* 177 AD2d 931). Because petitioner has failed to sustain his burden of proving that there was an accident within the meaning of Retirement and Social Security Law § 363 *(see, Matter of Sheehan v Regan,* 84 AD2d 604), respondent's denial of his request for accidental disability retirement benefits must be upheld.

Mikoll, J. P., Levine, Crew III, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.