■ In the Matter of DEBRA A. DeFILIPPO, Petitioner, v H. CARL McCALL, as State Comptroller of the State of New York, et al., Respondents. [617 NYS2d 987] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner's application for accidental disability retirement benefits alleged that she was disabled as the result of injuries she sustained in the course of her employment as a food service worker in December 1983 and August 1988. Respondent Comptroller denied petitioner's application based upon two conclusions: (1) that the August 1988 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 63, and (2) that petitioner had failed to sustain the burden imposed upon her by State Administrative Procedure Act § 306 (1) of proving she was permanently incapacitated from performing the duties of a food service worker as the result of an accident sustained in the performance of her duties.

Petitioner's testimony that she was injured while lifting a stack of trays, which was part of her regular duties, provides substantial evidence to support the first conclusion *(see, Matter of Beachy v Regan,* 119 AD2d 967, *lv denied* 68 NY2d 604). As to the second conclusion, the expert for the New York State and Local Employees' Retirement System found no objective evidence of a condition that would prevent petitioner

from performing her duties. In any event, petitioner's expert attributed her incapacity to the August 1988 incident which, as already noted, the Comptroller properly determined not to be an accident within the meaning of the Retirement and Social Security Law. The Comptroller's determination is supported by substantial evidence and, therefore, it cannot be disturbed *(see, Matter of Mazur v Regan,* 188 AD2d 820).

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.