■ In the Matter of RONALD J. KLUG, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [638 NYS2d 191] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and ordinary disability retirement benefits.

On October 27, 1987, petitioner, a psychologist employed by the State Office of Mental Health, was injured when he fell down a flight of stairs while on duty at a correctional facility. Petitioner thereafter filed applications for ordinary and accidental disability retirement benefits, both of which were denied. Following a hearing, respondent issued a determination denying both applications on the grounds that petitioner—who could not say how or why he fell, and did not recall having stepped on any object that might have caused him to slip—had not suffered an "accident" within the meaning of Retirement and Social Security Law § 63, and had failed to carry his burden of establishing that he was permanently incapacitated from the performance of his work duties. Petitioner then commenced this CPLR article 78 proceeding (which was subsequently transferred to this Court) in which he challenges respondent's determination.

As petitioner did not prove that his fall was the product of anything other than an ordinary misstep, respondent rationally concluded that an accident had not occurred (*see, Matter of Seim v Regan*, 191 AD2d 931, 932; *Matter of Chambers v Regan*, 125 AD2d 920, 920-921). Moreover, the expert for the New York State and Local Employees' Retirement System testified that there was no objective medical evidence of a condition that would prevent petitioner from performing his duties as a psychologist (*see, Matter of Flannery v McCall*, 219 AD2d 770; *Matter of DeFilippo v McCall*, 209 AD2d 768, 768-769). This testimony provided substantial evidence to support respondent's determination (*see, Matter of Carman v McCall*, 210 AD2d 663, 664).

We have examined and also reject petitioner's contention that respondent improperly considered the issue of whether the October 1987 incident constituted an accident. Although it is true that respondent did not raise this issue until the hearing, petitioner registered no objection thereto and, more importantly, he failed to demonstrate that he suffered any significant prejudice as a consequence (*cf., Matter of Keller v Regan*, 212 AD2d 856, 857).

Mikoll, J. P., Mercure, Peters and Spain, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.