■ In the Matter of THOMAS WATSON, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [649 NYS2d 486] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner was injured while installing a fire hydrant in the course of his employment as a plumber/steam fitter at Wassaic Developmental Center in Dutchess County. At the time of the injury, petitioner was stepping backward directing a backhoe that was in the process of lowering the fire hydrant into a ditch. Petitioner's right foot apparently slipped into the edge of the ditch about two feet, allegedly causing petitioner to twist his lower back. Petitioner filed an application for accidental disability retirement benefits as a result of the incident. The application was disapproved and petitioner timely requested a hearing and redetermination of his application. Following the hearing, respondent ultimately concluded that the subject incident did not constitute an accident within the meaning of Retirement and Social Security Law § 63. Petitioner then commenced this CPLR article 78 proceeding (which was subsequently transferred to this Court) in which he challenges respondent's determination.

We confirm. Upon review of the record, we find a rational basis for respondent's conclusion that petitioner's fall occurred because of his own misstep and, thus, did not constitute an accident within the meaning of the statute (see, *Matter of Klug v McCall*, 224 AD2d 818). While petitioner claims that grass

under his foot ripped away, causing his foot to slide down, petitioner never mentioned slipping on grass in his application for benefits. Therefore, a factual issue was created for determination by respondent (*see, Matter of Edwards v New York State & Local Employees' Retirement Sys.*, 165 AD2d 972, 973, *lv denied* 77 NY2d 802). In any event, even assuming that this version of events is true, there is nothing unexpected or unusual about grass ripping away at the edge of a ditch. We find no reason to disturb respondent's conclusion that petitioner's alleged injury was not the result of an accident within the meaning of the statute (*see, Matter of Seim v Regan*, 191 AD2d 931).

Mercure, J. P., Crew III, White and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.