■ In the Matter of EILEEN HETZLER, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM, Respondent. [648 NYS2d 813] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a home health aide, allegedly was injured on May 22, 1989 when she slipped and fell outside a client's residence while descending a step that led from the client's walkway to the public sidewalk. As a result of the injuries allegedly sustained, petitioner applied for disability benefits pursuant to Retirement and Social Security Law article 15. Following a hearing, the Comptroller denied petitioner's application, finding that the May 1989 incident did not constitute an accident. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review the Comptroller's determination.

Our review of the record reveals that there is substantial ev-

idence to support the Comptroller's determination that petitioner's fall occurred as the result of her own misstep and, as such, the May 1989 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 605 (b) (3). Although the record indicates that the step upon which petitioner apparently slipped was wet at the time of the incident, petitioner did not testify that either the wetness of the step, its depth or any other defect caused her to fall (*compare, Matter of McCambridge v McGuire*, 62 NY2d 563; *Matter of Balduzzi v McCall*, 220 AD2d 796). Indeed, petitioner repeatedly testified that she observed nothing on the step or the sidewalk that would have caused her to fall and that she just simply slipped (*see, Matter of Klug v McCall*, 224 AD2d 818 [the petitioner, who did not recall stepping on any object that may have caused him to slip, failed to establish that his fall was anything other than the product of his own misstep]). Under these circumstances, we perceive no basis for disturbing the Comptroller's determination. Petitioner's remaining contentions, including her assertion that an improper standard was employed in determining her application, have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.