◼ In the Matter of Joseph Lisa, Petitioner, v H. Carl Mc-Call, as Comptroller of the State of New York, Respondent. [650 NYS2d 844] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

On April 1, 1988, while in the employ of the Department of Correctional Services as a Correction Sergeant at Green Haven Correctional Facility in Dutchess County, petitioner fell on a flight of stairs after his left foot "came out from under [him]". On November 28, 1988, petitioner filed an application for accidental disability retirement benefits as a result of the April 1, 1988 incident. After his application was disapproved and a hearing ensued, respondent found that the subject incident did not constitute an accident within the meaning of Retirement and Social Security Law § 63. Petitioner commenced this CPLR article 78 proceeding, which was subsequently transferred to this Court, in which he challenges respondent's determination.

We confirm. Upon review of the record, we find that respondent reasonably concluded from the contradictions within petitioner's descriptions of the incident that there was no fortuitous, unexpected aspect to the slip and fall such that petitioner is entitled to receive accidental disability retirement benefits (*see, Matter of Klug v McCall*, 224 AD2d 818; *Matter of Keller v Regan*, 212 AD2d 856; *Matter of Chambers v Regan*, 125 AD2d 920). While petitioner now claims that he slipped on the stairs because his boots were wet from the rain and this was a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012); he failed to assert that his wet boots were the cause of the slip and fall in his application for benefits. Rather, on his application he indicated that he fell on the stairs because of the "wet metal end on cement". Notably, this latter factual rendition was denied at the hearing (i.e., petitioner testified that the stairs were not wet), at which his claim of wet boots first surfaced as the explanation for his slip and fall.

Under these circumstances, a factual issue was created for determination by respondent (*see, Matter of Edwards v New York State & Local Employees' Retirement Sys.*, 165 AD2d 972, 973, *lv denied* 77 NY2d 802; *Matter of Finnegan v Regan*, 116 AD2d 878). In our view, respondent's conclusion that petitioner's slip was a mere misstep and not an accident within the meaning of Retirement and Social Security Law § 63 is supported by substantial evidence (*see, Matter of Klug v McCall*, *supra*). Moreover, even assuming that petitioner's latter version of the events is accurate (i.e., his boots were wet and he slipped on the stairs), we nevertheless find that there is nothing unexpected or unusual about this event to justify conferral of benefits under the statute (*see, Matter of Keller v Regan*, *supra*).

In light of the above finding, we need not address petitioner's remaining contentions.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.