■ In the Matter of RAYMOND CADIZ, Petitioner, v H. CARL McCALL, as State Comptroller of the State of New York, et al., Respondents. [654 NYS2d 48] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for accidental disability retirement benefits.

Petitioner, a warrant and transfer officer with the State Division of Parole, applied for accidental disability retirement benefits after allegedly sustaining a back injury while lifting his carry-on luggage into the overhead compartment on an airplane while en route to return a prisoner to New York. After petitioner's application for accidental disability retirement benefits was denied on the ground that he did not suffer an "accident" within the meaning of Retirement and Social Security Law § 63, he commenced this CPLR article 78 proceeding.

We conclude that respondent's determination is supported by substantial evidence in the record. The term "accident", as used in Retirement and Social Security Law § 63, has been judicially construed as "a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.*, 6 AD2d 97, 100, *affd* 7 NY2d 222). As such, an injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury within the purview of Retirement and Social Security Law § 63 (*see, Matter of Lichtenstein v Board of Trustees, supra*). In view of the fact that claimant was often required to travel by airplane in the performance of his employment duties, the event that precipitated his injuries cannot be considered to have been out of the ordinary (*see, id.; Matter of Keller v Regan*, 212 AD2d 856, 858; *Matter of Liuzzi v Regan*, 200 AD2d 849).

Mercure, J. P., Crew III, Casey, Yesawich Jr. and Spain, JJ.,

concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.