■ In the Matter of NATALIE TALERICO, Petitioner, v H. CARL McCALL, as State Comptroller and on Behalf of New York State and Local Retirement Systems, Respondent. [657 NYS2d 268] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner had been employed as a custodial worker by the County of Onondaga for seven years. On February 17, 1994, while attempting to empty a trash receptacle into a dumpster, petitioner slipped and fell on water and trash which had accumulated on the floor and was seriously injured. Unable to return to work, she filed an application for accidental disability retirement benefits. Following a hearing, respondent denied petitioner's application on the basis that the incident which caused petitioner's injury did not constitute an accident within the meaning of Retirement and Social Security Law § 605. Petitioner commenced this CPLR article 78 proceeding challenging the administrative determination on the ground, inter alia, that it is not supported by substantial evidence.

Based upon our review of the record, we conclude that respondent's determination is supported by substantial evidence. In order to demonstrate entitlement to accidental dis-

ability retirement benefits, a petitioner must show that his or her injury occurred as the result of a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.*, 6 AD2d 97, 100, *affd* 7 NY2d 222; *see, Matter of McCambridge v Mc-Guire*, 62 NY2d 563, 568; *Matter of Farruggio v McCall*, 222 AD2d 925, 926). "[A]n injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury" (*Matter of Cadiz v McCall*, 236 AD2d 766).

Petitioner testified that dumping the trash was part of her regularly assigned duties and that she was performing this duty at the time of the accident. She further stated that while there usually is an attendant in the trash room who dumps the trash into the dumpster and keeps the room clean, the attendant was not on duty at the time of her accident and, therefore, she had to dump her own trash into the dumpster. She stated that, prior to dumping the trash, she noticed water and paper refuse on the floor, but proceeded to dump the trash without assistance and that, in doing so, she slipped and fell on the floor. In our view, petitioner's testimony provides substantial evidence supporting respondent's determination that petitioner's injury was not the result of an "accident" within the meaning of the Retirement and Social Security Law (*see, Matter of Cadiz v McCall, supra; Matter of Lopez v McCall*, 236 AD2d 690; *cf., Matter of Balduzzi v McCall*, 220 AD2d 796). We have considered petitioner's procedural claims and find them to be without merit.

Mikoll, J..P., Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.