■ In the Matter of DOMINICK SINOPOLI, Petitioner, v H. CARL MCCALL, as New York State Comptroller, et al., Respondents. [666 NYS2d 339] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, an employee of the Town of Greenburgh in Westchester County for over 20 years, collapsed at work on December 2, 1994. He was immediately hospitalized and never returned to his job. In June 1995, petitioner applied for accidental disability retirement benefits. Following a hearing, his application was denied based upon a determination that the incident in question did not constitute an accident within the meaning of Retirement and Social Security Law § 507.* Petitioner subsequently commenced this CPLR article 78 proceeding challenging the determination to deny his application.

The facts surrounding the subject incident are not in dispute. Petitioner, who held the position of maintenance supervisor, stated that he had a verbal confrontation with his general supervisor on December 1, 1994 during which the supervisor criticized the manner in which petitioner was performing his job. The parties stipulated that the exchange caused petitioner great stress and anxiety. On December 2, 1994, he started to have heart palpitations and shortness of breath when he saw the supervisor coming down the hall; he then collapsed and was rushed to the hospital.

We conclude that the record provides substantial evidence supporting the challenged determination. It is well settled that, for purposes of the Retirement and Social Security Law, the term "accident" is to be construed as a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.*, 6 AD2d 97, 100, *affd* 7 NY2d 222; *see, Matter of Talerico v McCall*, 239 AD2d 863). "As such, an injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties * * * is not an accidental injury" (*Matter of Cadiz v McCall*, 236 AD2d 766; *see, Matter of Talerico v McCall, supra*, at 863-864). Because of the unfortunate fact that stress-related injuries occurring as the result of disagreements with co-workers and supervisors are an inherent and anticipated part of employment, they cannot be characterized as accidental (*see, Matter of Mazur v Regan*, 188 AD2d 820; *Matter of Galioto v Regan*, 126 AD2d 880).

---

* It is undisputed that petitioner is a tier I member of the Retirement System and that the provisions of Retirement and Social Security Law § 63, rather than Retirement and Social Security Law § 507, apply to his application for accidental disability retirement benefits. However, since the term "accident" is construed identically under both statutory provisions, we conclude that the error is of no consequence.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

