■ In the Matter of EUGENE MINCHAK, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [667 NYS2d 863] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as a police officer for the Town of Orangetown in Rockland County. On September 3, 1977, petitioner responded to a complaint about a gas leak at a local residence. As petitioner inspected the house and shined his flashlight on the second floor looking for an open window, he stepped off a retaining wall which he did not know was there and injured his knee. After a hearing, petitioner's application for accidental disability retirement benefits was denied on the

ground that petitioner did not suffer an accident within the meaning of Retirement and Social Security Law § 63. This proceeding ensued.

Our review of the record reveals that there is substantial evidence to support respondent's determination. Petitioner testified that inspecting a house when called upon to do so was part of his duty and that he had done so on thousands of occasions. In view of the fact that the incident occurred as the result of petitioner's ordinary employment activity, it was rational for respondent to conclude that petitioner did not suffer an "accident" within the meaning of Retirement and Social Security Law § 63 (*see, Matter of Cadiz v McCall*, 236 AD2d 766) and that the incident was the product of petitioner's own misstep (*see, e.g., Matter of Klug v McCall*, 224 AD2d 818; *Matter of Seim v Regan*, 191 AD2d 931, 932).

Furthermore, we reject petitioner's contention that it was error for a Hearing Officer other than the one who presided over the hearing to render the determination. The resignation of the presiding Hearing Officer prior to rendering a determination made it necessary for respondent to appoint a substitute (*see, e.g., Matter of Kelly v Duffy*, 144 AD2d 792, 793) and, in any event, petitioner has failed to demonstrate that he was substantially prejudiced thereby (*see, Matter of Morrisey v New York State & Local Police & Firemen Retirement Sys.*, 239 AD2d 635, 636; *see also, Matter of Rumors Disco v New York State Liq. Auth.*, 212 AD2d 796, 797).

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.