■ In the Matter of VITO GALLELLO, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [668 NYS2d 728] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for accidental disability retirement benefits.

Petitioner, a sanitation worker for the Village of Scarsdale in Westchester County, injured his back when he inexplicably slipped and fell while dumping a barrel of garbage. Respondent denied his application for accidental disability retirement benefits, prompting the commencement of this proceeding. Because petitioner was unable to establish that his slip and fall was caused by anything other than an ordinary misstep, respondent's conclusion that there had been no "accident" within the meaning of Retirement and Social Security Law § 63 was rational (*see, Matter of Hetzler v New York State & Local Retirement Sys.*, 232 AD2d 946; *Matter of Watson v McCall*, 232 AD2d 862). Furthermore, substantial evidence supports respondent's ruling that petitioner failed to prove that he was permanently incapacitated from performing his duties. The orthopedist who examined petitioner on behalf of the State and Local Employees' Retirement System testified that there was no objective medical proof that petitioner was unable to perform his assigned duties (*see, Matter of Klug v McCall*, 224 AD2d 818). Although contrary medical evidence also was presented, respondent was free to resolve the conflict as he did by accepting one medical expert's opinion over that of the others (*see, Matter of Nickels v McCall*, 242 AD2d 826).

Cardona, P. J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.