■ In the Matter of Francis Kazmierczak, Petitioner, v H. Carl McCall, as Comptroller of the State of New York, et al., Respondents. [675 NYS2d 398] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

In January 1994, petitioner was injured while checking runway conditions during the course of his employment as a senior groundsperson of the Greater Buffalo International Airport. The weather conditions were severe; it was 14 degrees with a wind chill temperature of 17 degrees below zero and it was snowing, with winds up to 23 miles per hour. Approximately 15 inches of snow and ice had accumulated on the ground. While getting into a pickup truck owned by the airport, petitioner slipped and twisted his back. Petitioner's injuries have apparently prevented his return to work. After petitioner's application for accidental disability retirement benefits was denied, a hearing ensued. The Hearing Officer found that the incident did not constitute an "accident" within the definition of the Retirement and Social Security Law § 63. Petitioner commenced this CPLR article 78 proceeding, which was

subsequently transferred to this Court, in which he challenges the determination.

We confirm. Substantial evidence supports the conclusion that petitioner's injuries were not caused by an "accident" as defined by Retirement and Social Security Law § 63 (*see, Matter of Lisa v McCall*, 234 AD2d 703; *Matter of Keller v Regan*, 212 AD2d 856). In our view, the record supports the conclusion that the slip occurred as a result of petitioner's misstep and not because of any " 'sudden, fortuitous mischance, unexpected, out of the ordinary' " occurrence (*Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.*, 6 AD2d 97, 100, *affd* 7 NY2d 222). While he was working the midnight to 8:00 A.M. shift on the evening of the incident, petitioner was aware that it had been snowing for approximately 24 hours and that a substantial amount of snow and ice had accumulated. He also knew that in such weather conditions, snow would accumulate on the exterior part of the truck that he would routinely step upon to get into the truck. In our view, this evidence supports the conclusion that petitioner's injury was not a result of a sudden or unexpected "accident" and that respondent Comptroller properly denied petitioner's claim for accidental disability retirement benefits.

Cardona, P. J., White, Peters, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.