■ In the Matter of THOMAS J. KALIS, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [685 NYS2d 303] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a truck mechanic for a municipality, filed an application for accidental disability retirement benefits alleging that he was disabled because of injuries sustained in accidents

occurring on May 22, 1992 and June 10, 1995.* Petitioner's application was denied on the ground that the injuries resulted from petitioner's own missteps and did not constitute an "accident" within the meaning of the Retirement and Social Security Law. We confirm. With respect to the May 1992 incident, the record reveals that petitioner, who slipped on grease on a staircase leading to a repair pit where he changed truck fluids, had traversed this staircase before and was aware that it was not well lit and that grease occasionally would accumulate on the stairs. With respect to the June 1995 incident, the undisputed testimony was that petitioner successfully climbed up a wheeled aluminum stepladder and stepped off to repair a truck. The ladder had spring-loaded wheels, which locked when weight was placed on them. After petitioner completed his work and stepped onto the ladder to descend again, the ladder began to roll and petitioner fell. There was no evidence that the ladder was defective or that it malfunctioned, and respondent Comptroller ruled that the injury was caused by petitioner's own misstep or miscalculation in stepping on the ladder. In view of the foregoing, we conclude that substantial evidence supports the determination of the Comptroller that petitioner's injuries did not result from a sudden or unexpected event (*see, Matter of Minchak v McCall*, 246 AD2d 952).

Crew III, J. P., Yesawich Jr., Peters, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although petitioner actually cited four separate incidents in support of his application, he limits his brief to arguments claiming that the May 1992 and June 1995 incidents were "accidents". Accordingly, we deem any arguments relating to the other two incidents to be abandoned (*see, Gibeault v Home Ins. Co.*, 221 AD2d 826, 827, n 2).