█ In the Matter of BETTY MALLORY, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES RETIREMENT SYSTEM, Respondent. [689 NYS2d 788] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's applications for accidental and ordinary disability retirement benefits.

To be entitled to either ordinary or accidental disability retirement benefits, petitioner had to establish that she was physically or mentally incapacitated for the performance of duty (*see*, Retirement and Social Security Law § 62 [aa] [2]; § 63 [a] [2]). Petitioner claimed that, as a result of back, neck, hand and arm injuries, she was physically unable to perform her duties as a data entry clerk. The physician who examined petitioner and her records on behalf of respondent testified, however, that he found petitioner to be "orthopedically stable" and "neurologically intact". He found no functional impairment and concluded that petitioner was not physically incapacitated for the performance of the duties of a data entry clerk. This testimony provided substantial evidence to support the Comptroller's denial of petitioner's applications (*see, Matter of Di Guida v McCall*, 244 AD2d 756; *Matter of Klug v McCall*, 224 AD2d 818). Although petitioner's expert testified that petitioner was unable to perform her duties, the Comptroller has exclusive authority to evaluate conflicting medical evidence and could credit the testimony of respondent's expert over that of petitioner's expert (*see, Matter of Nugent v New York State & Local Empl. Retirement Sys.*, 255 AD2d 682; *Matter of Senecal v McCall*, 252 AD2d 630). Petitioner's remaining argument, that the Hearing Officer improperly denied petitioner's request to present certain medical evidence, has no foundation in the record.

Mikoll, J. P., Mercure, Crew III and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.