■ In the Matter of Rose Burke, Petitioner, v New York State Comptroller et al., Respondents. [699 NYS2d 318] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, who was injured when she slipped and fell at her place of employment while walking on a floor which she described as highly waxed and slippery, contends that respondent Comptroller erred in concluding that she did not sustain an accident within the meaning of Retirement and Social Security Law § 63. An accident is a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.*, 6 AD2d 97, 100, *affd* 7 NY2d 222). "[A]n injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury" (*Matter of Cadiz v McCall*, 236 AD2d 766). There is substantial evidence in the record to support the Comptroller's determination that petitioner, who was aware of the slippery condition, was not injured as the result of a sudden or unexpected event (*see, Matter of Kalis v McCall*, 257 AD2d 838; *Matter of Kazmierczak v McCall*, 252 AD2d 728, *lv denied* 92 NY2d 813; *Matter of Talerico v McCall*, 239 AD2d 863; *Matter of Keller v Regan*, 212 AD2d 856). The determination is, therefore, confirmed.

Mikoll, J. P., Mercure, Yesawich Jr. and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.