■ In the Matter of LYNN KILLMER, Petitioner, v H. CARL McCALL, as New York State Comptroller, Respondent. [701 NYS2d 188] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a housekeeper, filed an application for accidental disability retirement benefits alleging that she is disabled because of injuries sustained on August 14, 1991 when, while stripping a floor at her workplace, she slipped on the treated surface of the floor and fell. Petitioner's application was denied on the ground that her injuries resulted from her own misstep and did not constitute an "accident" within the meaning of the Retirement and Social Security Law. We confirm. While petitioner alleged, *inter alia*, that the stripping solution was improperly prepared and this caused an unusually slippery or dangerous condition, petitioner also testified that she helped prepare the solution and knew that it would cause the floor to be slippery once it was applied. Notably, respondent ruled that petitioner's injuries were caused by her own misstep or miscalculation in walking on the treated surface of the floor.

In view of the foregoing, we conclude that substantial evidence supports respondent's determination that petitioner's injuries occurred as the result of her regular employment activity and did not result from a sudden or unexpected event (*see, Matter of Johnson v New York State Employees' Retirement Sys.*, 151 AD2d 915, 916; *Matter of Covel v New York State Employees' Retirement Sys.*, 84 AD2d 902, *lv denied* 55 NY2d 606; *see also, Matter of Minchak v McCall*, 246 AD2d 952).

Mercure, J. P., Crew III, Spain, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.