Crew III, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

■ In the Matter of DAWN M. VAN ROTEN, as Executor of CHARLES VAN ROTEN, Deceased, Petitioner, v H. CARL MCCALL, as New York State Comptroller, Respondent. [714 NYS2d 569] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for accidental disability retirement benefits.

In November 1991, petitioner's decedent, a police sergeant, allegedly sustained three transverse vertebrae fractures to his back after he slipped and fell down a flight of stairs while conducting an investigation. He subsequently filed an application for accidental disability retirement benefits which was denied on the grounds that the November 1991 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363 and, further, that decedent was not permanently incapacitated from the performance of his duties. Decedent, who subsequently died of cancer, commenced this CPLR article 78 proceeding contending that the determination is not supported by substantial evidence and that various procedural infirmities require its annulment.

We disagree. " '[A]n injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury' " (*Matter of Tuper v McCall*, 259 AD2d 941, quoting *Matter of*

*Cadiz v McCall*, 236 AD2d 766). Here, decedent testified at the hearing that he slipped as he descended some stairs and, thus, "respondent could rationally conclude that [decedent's] fall was the result of [his] own misstep and did not constitute an accident" (*Matter of Tuper v McCall, supra,* at 942; *see, Matter of Klug v McCall,* 224 AD2d 818; *Matter of Napier v State Comptroller,* 211 AD2d 941). Inasmuch as substantial evidence supports respondent's determination that decedent's injury occurred in the ordinary course of his duties and not from an unexpected event, it must be upheld (*see, e.g., Matter of Killmer v McCall,* 268 AD2d 652; *Matter of Kazmierczak v McCall,* 252 AD2d 728, *lv denied* 92 NY2d 813).

In light of our finding on the issue of accidental injury, we need not address petitioner's contention that respondent erred in determining decedent was not permanently incapacitated (*see, Matter of Lisa v McCall,* 234 AD2d 703, 704).

Furthermore, petitioner's contention that it was error for a Hearing Officer other than the one who presided over the hearing to render the determination must be rejected. The death of the presiding Hearing Officer prior to the rendering of a determination necessitated that respondent appoint a replacement (*see, Matter of Minchak v McCall,* 246 AD2d 952; *see also, Matter of Kelly v Duffy,* 144 AD2d 792) and, in any event, petitioner has failed to demonstrate that substantial prejudice resulted therefrom (*see, Matter of Minchak v McCall, supra; Matter of Morrisey v New York State & Local Police & Firemen Retirement Sys.,* 239 AD2d 635, 636). Petitioner's remaining contentions, including the claim that decedent was denied a fair hearing because the Hearing Officer adopted portions of respondent's brief in his determination, have been reviewed and found to be without merit.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.