■ In the Matter of THERESA DE GREGORIO, on Behalf of VINCENT DE GREGORIO, an Incapacitated Person, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEMS, Respondent. [719 NYS2d 396] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied the application of petitioner's husband for accidental disability retirement benefits.

Petitioner's husband, Vincent De Gregorio, who worked as a laborer for a municipal employer, filed an application for accidental disability retirement benefits based upon injuries allegedly sustained in accidents at work in September 1982 and December 1993. After the application was initially denied, De Gregorio requested a hearing and redetermination, as a result of which the Comptroller determined that the September 1982 incident was not an accident and that De Gregorio was not in service at the time of the December 1993 incident. Petitioner thereafter commenced this proceeding on behalf of De Gregorio to review the Comptroller's determination.

The only evidence in the record concerning the September 1982 incident is the statement in De Gregorio's application for benefits that, while removing barricades from an excavation, he slipped and fell into a trench. In the absence of evidence in the record to demonstrate that De Gregorio's fall was caused by anything other than his own misstep while working in the vicinity of the trench, there is no basis to disturb the finding that De Gregorio's slip and fall did not constitute an accident (*see, Matter of Watson v McCall*, 232 AD2d 862). With regard to the December 1993 incident, there is evidence in the record that although De Gregorio slipped and fell on snow and ice at the employer's premises, the fall occurred prior to the beginning of his work day, which supports the Comptroller's conclusion that De Gregorio was not in service at the time of the fall (*see, Matter of Farley v McCall*, 239 AD2d 779, *lv denied* 90 NY2d 807). The evidence that the fall occurred later, after the beginning of the work day, created an issue of credibility for the Comptroller to resolve (*see, Matter of Di Guida v McCall*, 244 AD2d 756). We have considered petitioner's arguments and find no basis to disturb the determination.

Cardona, P. J., Spain, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.