◼ In the Matter of CARL MARIUZ, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [723 NYS2d 273] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, who was employed as an alcohol counselor assistant by the Office of Alcoholism and Substance Abuse, filed an application for accidental disability retirement benefits based upon injuries he allegedly sustained in a fall on stairs outside the building where he worked. After a hearing, respondent denied the application on the ground that petitioner had not sustained an accident within the meaning of Retirement and Social Security Law § 605. Petitioner thereafter commenced this CPLR article 78 proceeding to review respondent's determination.

Petitioner fell on wet stairs at about 8:30 A.M. while carrying supplies to another building. He testified that it rained heavily the night before he fell and that the rain did not stop until about 6:00 or 7:00 that morning. In light of petitioner's familiarity with the stairs, as established by his testimony that he had traversed the stairs "[m]illions of times" in his six years of employment, the hazard posed by the wet stairs was one that petitioner could readily anticipate from his use of the stairs shortly after the heavy rain stopped and, therefore, respondent could rationally conclude that petitioner's fall did not result from an unexpected event and was not an accident (*see, Matter of Tuper v McCall*, 259 AD2d 941, 941-942; *Matter of Kazmierczak v McCall*, 252 AD2d 728, 729, *lv denied* 92 NY2d 813; *Matter of Talerico v McCall*, 239 AD2d 863, 864; *Matter of Keller v Regan*, 212 AD2d 856, 858-859).

Petitioner contends that carrying of supplies to another building was outside the scope of his duties and that, therefore, his fall while carrying supplies was not an ordinary risk of his employment. There is no evidence in the record, however, that the carrying of supplies played any role in petitioner's fall. Rather, the fall was caused by petitioner's use of the wet stairs, a hazard which, in light of petitioner's admitted frequent use of the stairs during his employment and his knowledge of the recent heavy rain, was not unexpected. Petitioner's arguments fail to establish a basis for this Court to disturb respondent's determination and, therefore, it must be confirmed (*see, Matter of Hetzler v New York State & Local Retirement Sys.*, 232 AD2d 946, 947).

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.