■ In the Matter of LILLIAN D. MANNEY, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [755 NYS2d 511] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a hospital nursing station clerk whose duties included, inter alia, answering telephone calls, collecting specimens, filing charts and operating a computer keyboard, was injured while assisting an X-ray technician move a heavy piece of equipment. Specifically, petitioner was holding a door open for the technician when the piece of equipment struck the door causing it to come loose from its hinges and strike petitioner. As a result of this incident, petitioner allegedly sustained various injuries to her neck and back.

Following the initial denial of her application for accidental disability retirement benefits, petitioner sought and obtained a hearing and redetermination. At the conclusion of that hearing, at which only petitioner and her son appeared and testified, the Hearing Officer denied her application, finding that petitioner had failed to demonstrate that she was permanently incapacitated from the performance of her duties. Respondent upheld that denial, and petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul respondent's determination.

The case law makes clear that respondent is vested with the exclusive authority to evaluate competing medical opinions and to credit the opinion of one medical expert over another (*see Matter of Irish v McCall*, 297 AD2d 895; *Matter of Tower v McCall*, 257 AD2d 973). Here, both the statement of disability prepared by petitioner's treating physician and the report prepared by the New York State and Local Retirement System's expert acknowledged the results of the various MRI studies and the electrodiagnostic examination conducted of petitioner's upper extremities. Although petitioner's physician was of the view that the findings reflected therein indicated that petitioner was permanently incapacitated from the performance of her duties, the Retirement System's expert rendered a contrary opinion, concluding that petitioner suffered from only a mild partial disability. Specifically, the Retirement System's expert noted that petitioner's duties as a nursing station clerk were not particularly strenuous and, in his view, she was not permanently incapacitated from the performance thereof. Inasmuch as this opinion was based upon the expert's review

of the relevant reports, his physical examination of petitioner and consideration of the list of her employment duties, we cannot say that the expert's report was so lacking in foundation as to preclude respondent's reliance upon it (*see Matter of Irish v McCall, supra* at 896). To the extent that petitioner contends that the opinion offered by her treating physician should have been accorded greater weight, we need note only that this Court has declined to adopt such a rule (*see id.*). Finally, the mere fact that petitioner may have been awarded Social Security and/or workers' compensation benefits is not binding upon respondent (*see Matter of Kohli v McCall*, 279 AD2d 859, 860). Accordingly, respondent's determination is confirmed.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.