In the Matter of GABRIEL P. HAYES, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [769 NYS2d 922]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, inter alia, denied petitioner's application for accidental disability retirement benefits.

Petitioner began working for the police department of the Vil-

lage of Sleepy Hollow in Westchester County in 1973 as a patrol officer and later assumed the responsibilities of a patrol lieutenant. On March 20, 1998, he injured his lower back and left leg while effectuating an arrest. Petitioner sought medical treatment and worked periodically until he underwent knee surgery in May 1999. He was out of work following that surgery until March 2001 when he returned to light duty. In the meantime, in January 2000, he filed, inter alia, an application for accidental disability retirement benefits based upon the March 20, 1998 incident, as well as four others, during which he sustained injuries to his neck, back, shoulders, hands and legs. Petitioner's application was initially denied and, following a hearing wherein petitioner was the only witness, the Hearing Officer denied the application. Respondent upheld that determination, agreeing that petitioner was not permanently incapacitated from performing his duties, resulting in this proceeding.

We find that substantial evidence supports respondent's determination. Petitioner testified that, upon returning to light duty after his surgery, he worked in an administrative capacity which did not entail any interaction with prisoners or the public. While he described certain physical limitations in his shoulders, right hand, lower back and legs, the medical proof did not conclusively establish that he was unable to perform any of the police duties assigned to him, particularly those which were light in nature.

Although petitioner's treating orthopedic surgeon indicated, by report dated February 4, 2002, that petitioner was totally disabled from full active duty as a police officer, he acknowledged that petitioner was able to perform sedentary activities as long as he avoided prolonged sitting or standing. The neurologist who examined petitioner on behalf of the New York State and Local Police and Fire Retirement System opined that petitioner suffered a temporary partial disability attributable to spinal radiculopathy and stated that, at the time of his examination, petitioner was not permanently disabled from performing the described duties of either a patrol lieutenant or desk officer. He indicated that, due to petitioner's relatively young age and the absence of objective neurological findings, petitioner should recover and be able to perform the duties of both positions. Notably, none of the other physicians' reports expressed definite opinions concerning the extent of petitioner's incapacitation.

To the extent that there existed conflicts in the medical evidence presented concerning the degree of petitioner's disability, it was respondent's responsibility to resolve them (*see Matter of Washington v McCall*, 297 AD2d 901, 901 [2002]; *Matter of Mal-*

*lory v New York State & Local Empls. Retirement Sys.*, 261 AD2d 775, 775 [1999]). The opinion of the Retirement System's expert provides substantial evidence that petitioner was not permanently incapacitated from performing his duties (*see Matter of Fullone v New York State & Local Empls. Retirement Sys.*, 286 AD2d 831, 832 [2001]; *Matter of Gallello v McCall*, 247 AD2d 693, 693 [1998]). Therefore, we find no basis to disturb respondent's determination.

In light of the foregoing disposition, we do not address petitioner's remaining claims.

Mercure, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.