■ In the Matter of MICHAEL L. MIRRER, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, et al., Respondents. [772 NYS2d 409]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner was employed as a police sergeant for the Port Authority of New York and New Jersey. His duties included participation in firefighting operations at La Guardia Airport.

He had just returned from testing a fire truck's equipment used to disperse flame-retardant foam, when he slipped while stepping down from the cab of the truck. According to petitioner, the slip was caused by foam adhering to the soles of his shoes. His subsequent application for accidental disability retirement benefits (*see* Retirement and Social Security Law § 363) was denied on the ground that the precipitating incident did not constitute an "accident" within the meaning of Retirement and Social Security Law § 605. In addition, his application for performance of duty disability retirement benefits (*see* Retirement and Social Security Law § 363-c) was denied on the ground that his injury did not permanently incapacitate him from performing his employment-related duties.

Petitioner failed to support his burden of proving that his slip and fall constituted an accident as defined by statute. For an injury to be considered the result of an accident, it must have been caused by "a precipitating . . . event . . . which was not a risk of the work performed" (*Matter of McCambridge v McGuire*, 62 NY2d 563, 568 [1984]) and one that would not be expected in the course of the worker's employment duties (*see Matter of Mariuz v McCall*, 282 AD2d 918, 919 [2001], *lv denied* 96 NY2d 720 [2001]). According to the record on review, slipping on flame-retardant foam fell within the scope of risks inherent in the performance of petitioner's employment duties, which included the operation and maintenance of firefighting equipment; hence, his injuries were not caused by an accident (*see Matter of Rutledge v New York State & Local Employees' Retirement Sys.*, 302 AD2d 731, 732 [2003]; *Matter of Penkalski v McCall*, 292 AD2d 735, 736 [2002]).

Substantial evidence also supports the determination that petitioner failed to sustain his burden of proving that he is permanently incapacitated from the performance of his duties as a police sergeant. The conflicting expert medical evidence included evaluations submitted by petitioner's orthopedic surgeon and neurologist, both of whom opined that the injuries to petitioner's cervical spine (compounded by pre-existing arthritis) rendered him permanently disabled from his employment. The orthopedic surgeon who examined petitioner on behalf of respondent New York State and Local Retirement System, however, opined that petitioner had not incurred an orthopedic or neurological injury that was sufficient to permanently disable him from the performance of his job-related duties. As it lies within the exclusive discretionary power of respondent Comptroller to evaluate the credibility of expert witnesses and resolve conflicts in the evidence they present, and as

substantial evidence supports the resolution arrived at by the Comptroller, the determination under review will not be disturbed (*see Matter of Manney v McCall*, 302 AD2d 841, 842 [2003], *lv denied* 100 NY2d 511 [2003]).

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.