■ In the Matter of ADEL A. ZIDAN, Petitioner, v ALAN G. HEVESI, as State Comptroller, et al., Respondents. [806 NYS2d 311]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a correction officer, injured his right arm and shoulder when he fell from a ladder while searching a drop ceiling in a prison television room. He was unable to return to work and thereafter filed a claim for accidental disability retirement benefits. His application was initially denied and, following a hearing, the denial was upheld by a Hearing Officer who concluded that the incident in question did not constitute an accident within the meaning of Retirement and Social Security Law § 507-a. Respondent Comptroller agreed with the Hearing Officer's findings and this CPLR article 78 proceeding ensued.

For purposes of the Retirement and Social Security Law, an accident is a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]). Here, evidence was adduced at the hearing which suggests that petitioner's fall was not accidental. Petitioner testified that, prior to his fall, he moved the ladder by himself to various locations in the television room, ascending and descending it about six times without incident. He stated that the last time he was atop the ladder he felt it slide and he fell, but he could not identify what caused the ladder to slide or him to fall. Certain reports prepared after the incident indicated that petitioner's fall was due to his own unsafe placement and positioning of the ladder, as well as inadequate illumination of the area being searched. After the incident, petitioner was informed that the ladder was missing its rubber feet. However, no evidence was presented to establish that the missing rubber feet caused the ladder to slip and, in any event, it was the province of the Comptroller to weigh any conflicting evidence and to resolve questions of credibility (*see Matter of Callanan v McCall*, 301 AD2d 780, 781 [2003]; *Matter of Slagle v McCall*, 293 AD2d 923, 924 [2002]). Inasmuch as the case at bar is analogous to *Matter of Tuper v McCall* (259 AD2d 941 [1999]), wherein the petitioner, also a correction officer, observed portions of rubber missing from stairs she fell down but was unable to attribute her fall to this condition, substantial evidence supports the Comptroller's determination and we decline to disturb it.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.