■ In the Matter of FREDERICK M. KESCH, Petitioner, v ALAN G. HEVESI, as State Comptroller, et al., Respondents. [813 NYS2d 275]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, the general manager of an Off-Track Betting Corporation facility, was called into a meeting with his superiors in July 2003, at which time he was accused of various forms of misconduct, including bribery and theft. Although he denied any wrongdoing, he was advised that he would either be suspended or reassigned to a different location. When he arrived home that evening, petitioner was in a "state of shock," felt his chest "tightening" and was "sweating profusely." The next day, petitioner sought medical treatment for "signs of severe depression." Petitioner, who was ultimately notified by his employer that he was going to be suspended for two weeks and then demoted, thereafter briefly performed some work out of his home but never actually returned to his job. Petitioner subsequently applied for accidental disability retirement benefits. Following a hearing, his application was denied on the basis that he had not sustained an accident within the meaning of the Retirement and Social Security Law. Respondent Comptroller accepted the hearing officer's findings, prompting this CPLR article 78 proceeding. We now confirm.

For purposes of the Retirement and Social Security Law, an accident is defined as "a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]; *see Matter of Pryor v Hevesi*, 14 AD3d 776, 776 [2005]). Thus, " '[a]n injury

that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury' " (*Matter of Weisensel v Hevesi*, 8 AD3d 880, 881 [2004], quoting *Matter of Cadiz v McCall*, 236 AD2d 766, 766 [1997]). Here, petitioner conceded at the hearing that he understood both his job's disciplinary protocol—that he could be called into a meeting with his superiors to discuss the matter—and the possible ramifications which could result from such a hearing. As that is precisely what happened, petitioner's injuries were not the product of an unexpected event. Stress-related injuries occurring due to disagreements or confrontations with coworkers and supervisors are, indeed, an inherent and anticipated part of employment (*see Matter of Sinopoli v McCall*, 245 AD2d 868, 869 [1997], *lv denied* 92 NY2d 803 [1998]). Accordingly, we find that substantial evidence supports the Comptroller's determination that petitioner did not sustain an accident under the Retirement and Social Security Law (*see Matter of Zidan v Hevesi*, 24 AD3d 1160, 1161 [2005]; *Matter of Walters v Hevesi*, 23 AD3d 982, 983 [2005]). Petitioner's remaining assertions, to the extent not specifically addressed herein, have been considered and found to be without merit.

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.