In the Matter of RICHARD McCABE, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [831 NYS2d 573]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, while searching a split-level private residence for a possible intruder, injured his lower back and right knee when he stumbled down a set of stairs leading to the lowest level of the residence. Petitioner testified that he stumbled because the edge of the landing protruded about three inches over the first step and this condition was disguised because the three-inch lip was painted the same color as the steps. A fellow officer, who followed petitioner into the area, testified that petitioner stumbled because the top step riser was only half the height of the remainder of the stairs. In his application for retirement benefits, petitioner states, "I started to walk into the basement and caught [my] right foot on short step landing." In his workers' compensation claim he reported that he "tripped [and] fell on [a] faulty interior stairway." Moreover,

petitioner testified that in the performance of his routine duties over the years, he had encountered thousands of stairways, many of which were substandard or defective. The Hearing Officer, concluding that petitioner had failed to demonstrate that the incident constituted an accident within the meaning of the Retirement and Social Security Law, denied his application. Respondent upheld that determination, prompting this CPLR article 78 proceeding.

We confirm. Pursuant to the Retirement and Social Security Law, an accident is a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]). Therefore, an injury will not be considered accidental when it emanates from activities undertaken in the performance of regular job duties (*see Matter of Kesch v Hevesi*, 28 AD3d 1056, 1056-1057 [2006]; *Matter of O'Shei v Hevesi*, 26 AD3d 585, 586 [2006]; *Matter of Lucian v McCall*, 7 AD3d 905, 906 [2004]). On this record, we defer to respondent's credibility determinations and find that substantial evidence supports the determination that petitioner was injured by his own misstep, and did not suffer an accident within the meaning of the Retirement and Social Security Law (*see Matter of Hamilton v Hevesi*, 28 AD3d 965, 966 [2006]).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.