Peters, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination by respondent Comptroller which denied petitioner’s application for accidental disability retirement benefits.
Petitioner, a police sergeant employed by the Port Authority of New York and New Jersey, investigated a radiation alarm located within the Lincoln Tunnel. He then ascended up a five-step stairway to inform his supervisor of his findings. Upon descending the stairway, he slipped on the second step, fell down the stairs and was injured. Petitioner’s subsequent application for accidental disability retirement benefits was denied on the basis that the incident in question did not constitute an accident within the meaning of Retirement and Social Security Law § 363 and, upon administrative review, a Hearing Officer agreed. Respondent Comptroller thereafter adopted the Hearing Officer’s findings and denied petitioner’s application, prompting this CPLR article 78 proceeding.
Initially, we reject petitioner’s contention that the Hearing Officer abused his discretion in disregarding both an inspection report concerning the condition of the stairs and two Port Authority e-mails which discussed the inspection and repair of the stairs. It is well settled that the weight to be accorded evidence presented at an administrative hearing is within the exclusive province of the administrative agency (see Matter of Spencer v New York State & Local Employees’ Retirement Sys., 220 AD2d 792, 794 [1995]; Matter of Nolan v Comptroller of State of N.Y., 59 AD2d 799, 800 [1977]). Given that both the inspection report and the e-mails were not subject to cross-examination and were compiled several months after petitioner’s fall, with no indication as to whether the condition of the stairs reflected in the documents was substantially the same as existed *928 on the day of the occurrence (see Rivera v New York City Tr. Auth., 22 AD3d 554, 555 [2005]; Richardson v Rotterdam Sq. Mall, 289 AD2d 679, 680-681 [2001]; La Duke v Albany Motel Enters., 282 AD2d 974, 975 [2001]; Santiago v United Artists Communications, 263 AD2d 407, 408 [1999]), we cannot conclude that the Hearing Officer abused his discretion in declining to accord them any weight.
Addressing the merits, an injury is considered accidental under the Retirement and Social Security Law if it results from a “ ‘sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact’ ” (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982], quoting Arthur A. Johnson Corp. v Indemnity Ins. Co. of N. Am., 6 AD2d 97, 100 [1958], affd 7 NY2d 222 [1959]). Thus, “ ‘an injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury’ ” (Matter of Pryor v Hevesi, 14 AD3d 776, 776 [2005], quoting Matter of Cadiz v McCall, 236 AD2d 766, 766 [1997]; see Matter of McCabe v Hevesi, 38 AD3d 1035, 1036 [2007]). Further, petitioner bears the burden of proving that such injury was accidental and the Comptroller’s determination as to the cause of the injury will be upheld so long as it is supported by substantial evidence (see Matter of Sweeney v Hevesi, 50 AD3d 1366, 1366 [2008]; Matter of Sinclair v New York State & Local Retirement Sys., 42 AD3d 595, 596 [2007]).
Here, petitioner testified, consistent with the incident report, that while descending the stairs, a function within his ordinary employment duties, he “just lost [his] footing and fell.” Although petitioner testified that he subsequently learned that the steps were uneven, his testimony failed to establish that any purported defect in the steps caused him to fall (see Matter of Zidan v Hevesi, 24 AD3d 1160, 1161 [2005]; Matter of Van Roten v McCall, 276 AD2d 944, 945 [2000]; Matter of Hetzler v New York State & Local Retirement Sys., 232 AD2d 946, 947 [1996]; compare Matter of Balduzzi v McCall, 220 AD2d 796 [1995]). Further, inasmuch as petitioner testified that he had traversed the stairway in question on prior occasions and had ascended those same stairs only moments prior to the fall, the Comptroller could rationally conclude that the condition of the steps was not unexpected (see Matter of Engber v New York State Comptroller, 39 AD3d 1133, 1134 [2007]). Thus, we find that substantial evidence supports the determination that petitioner’s fall was the result of his own misstep, rather than a *929 sudden or unexpected event, notwithstanding the presence of evidence that could support a different conclusion.
Petitioner’s remaining contention, that an improper standard was employed in determining his application, has been examined and found to be lacking in merit.
Mercure, J.R, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.