■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY L. CARUSO, Respondent.—Order unanimously affirmed and indictment dismissed. Memorandum: We affirm the order of the suppression court. The search of the shed at defendant's residence exceeded the scope of the search warrant which authorized a search of the residence described as: "A two story flat roof dwelling, first floor grey *[sic]* cement block, 2nd story brown barn board, the residence is located at 101 Buffalo Street, City of Hornell, Steuben County and located on the North side of the street and is the first house East of Dealy Street". One of the most fundamental characteristics of a search warrant is that "[t]he authority to search is limited to the place described in the warrant and does not include additional or different places" *(Keiningham v United States,* 287 F2d 126, 129; *see also, People v Green,* 33 NY2d 496, 499). In order to protect the Constitutional right of privacy *(see,* US Const 4th Amend; NY Const, art I, § 12) from arbitrary police intrusion, "nothing should be left to the discretion of the searcher in executing the warrant" *(People v Nieves,* 36 NY2d 396, 401). Rather, "[p]articularity is required in order that the executing officer can reasonably ascertain and identify * * * [the] places authorized to be searched" *(People v Nieves, supra,* at 401; *see, People v Henley,* 135 AD2d 1136, *lv denied* 71 NY2d 897).

Further, the indictment must be dismissed since the unsuccessful appeal by the People precludes further prosecution of defendant for the charges in the accusatory instrument *(see,* CPL 450.50 [2]; *Matter of Forte v Supreme Ct.,* 48 NY2d 179, 185-188; *People v Felton,* 171 AD2d 1034). (Appeal from Order of Steuben County Court, Scudder, J.—Suppress Evidence.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.