■ In the Matter of ROBERT RIGGINS, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. [606 NYS2d 68] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

Petitioner, a laborer employed by the City of Kingston in Ulster County, sustained a back injury in 1986 when he became dizzy and lost his balance while painting overhead pipes on his employer's premises and fell from an eight-foot ladder that the employer had provided. Upon his return to employment, petitioner was assigned to drive a dump truck owned by his employer. In 1988, while loading the dump truck with brush and logs, petitioner again injured his lower back. Petitioner thereafter applied for disability retirement benefits pursuant to Retirement and Social Security Law article 15, based on the injuries sustained as the result of both accidents. The application was denied on the ground that both of the alleged incidents did not constitute "accidents" within the

meaning of Retirement and Social Security Law § 605. We confirm the determination.

The injuries sustained by petitioner occurred in the usual course of his duties as a laborer and were inherent in the risks of his assigned employment. The injuries did not occur from any unexpected or reasonably unforeseeable event. Given the facts and circumstances presented here, substantial evidence supports respondent's determination of no accident (*see, Matter of Lichtenstein v Board of Trustees,* 57 NY2d 1010; *Matter of Finnegan v Regan,* 116 AD2d 878; *see also, Matter of Dering v Regan,* 177 AD2d 931, *lv denied* 80 NY2d 751).

Furthermore, contrary to petitioner's claim, the administrative hearing was not improperly conducted or unfair. Petitioner's testimony was credited at the hearing. His version of the events was direct and firsthand. The determination was based on the conclusion that petitioner's version of the events in question did not constitute accidental injuries within the meaning of Retirement and Social Security Law § 605.

Weiss, P. J., Crew III, Cardona and White, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.