■ In the Matter of FRANK MADONNA, Petitioner, v NEW YORK STATE POLICE AND FIREMEN RETIREMENT SYSTEM et al., Respondents. [684 NYS2d 340] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for accidental disability retirement benefits.

Petitioner, a police officer employed by the Port Authority, injured his left knee during the course of his employment when transporting a patient on a stretcher from the airport terminal to an ambulance. While lowering the stretcher over the curb where construction was underway due to airport renovations, petitioner misjudged the height of the curb and lost his balance after allegedly catching his foot in loose concrete. Respondent Comptroller denied petitioner's application for accidental disability retirement benefits on the ground that the incident did not constitute an "accident" within the meaning of the Retirement and Social Security Law. Although petitioner explained that he was watching the patient and looking straight ahead, he nevertheless failed to check the condition of the curb. Under these circumstances, we find no reason to disturb the determination that the incident was a result of petitioner's own misstep and not a result of an "accident" (*see, Matter of Dooley v McCall,* 252 AD2d 724; *Matter of Deleo v McCall,* 251 AD2d 739). Petitioner's remaining contentions, including his claim that he was denied a fair and impartial hearing because portions of respondents' memorandum of law

were incorporated into the determination, have been reviewed and found to be unpersuasive.

Mercure, J. P., Crew III, Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.