■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO DELEON, Appellant. [709 NYS2d 529] —Judgment, Supreme

Court, New York County (Bonnie Wittner, J.), rendered August 23, 1996, convicting defendant, after a jury trial, of conspiracy in the second degree, criminal sale of a controlled substance in the first degree (three counts), criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree (two counts), and sentencing him to an aggregate term of 22 years to life, unanimously affirmed.

After a *Rodriguez* hearing (*People v Rodriguez*, 79 NY2d 445), the court properly ruled that the voice identifications of defendant, made by listening to defendant speak at or shortly after his arrest, by detectives who had listened to tapes of his voice over the course of a lengthy investigation, were confirmatory and therefore not subject to the notice and hearing requirements of CPL 710.30. Each of these officers had spent hours listening to and transcribing intercepted telephone conversations of defendant, some of them only hours before his arrest, and defendant's voice had a distinctive quality, described as "whiny," "nasal," and "high-pitched." Accordingly, the record supports the court's finding that the officers were so familiar with defendant's voice as to be impervious to suggestion.

The officers' identification of defendant was based on their comparison of his voice to that heard during those intercepted and transcribed conversations, not the composite tape that was destroyed prior to trial, and thus an adverse inference charge on the missing tape was not warranted. The court properly exercised its discretion as to the timing and manner of playing the actual tapes, which were all in Spanish, for the jury (*see, People v Flayhart*, 72 NY2d 737, 742-743), and defendant was properly precluded from commenting negatively on the People's failure to play the tapes, since they were only obeying the court's initial order.

We perceive no abuse of sentencing discretion.

We have considered and rejected defendant's remaining claims. Concur—Williams, J. P., Ellerin, Wallach and Rubin, JJ.