■ In the Matter of DANIEL J. BERGIN, Petitioner, v H. CARL MCCALL, as State Comptroller, et al., Respondents. [726 NYS2d 594] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer employed by the Port Authority of New York and New Jersey, was injured in the course of his employment when he fell while walking down two steps from the police desk room at Newark International Airport to an adjacent hallway. Respondent Comptroller determined that petitioner did not suffer an "accident" within the meaning of the Retirement and Social Security Law and, accordingly, denied his application for accidental disability retirement benefits. We confirm.

An "accident" is a sudden and extraordinary injurious event (*see, Matter of Talerico v McCall*, 239 AD2d 863, 864) rather than a mishap that occurs during the performance of an individual's ordinary employment duties (*see, Matter of Dooley v McCall*, 252 AD2d 724, 724-725; *Matter of Minchak v McCall*, 246 AD2d 952, 953). As petitioner was performing his ordinary employment-related activities at the time of his fall and has failed to demonstrate that his fall was caused by anything other than his own misstep, there are no grounds upon which to disturb the determination denying him benefits (*see, Matter of Madonna v New York State Police & Firemen Retirement Sys.*, 257 AD2d 971, *lv denied* 93 NY2d 806; *Matter of Gallello v McCall*, 247 AD2d 693).

Mercure, J. P., Spain, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed