■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARTOLOME BRITO, Appellant. [782 NYS2d 889]—

Appeal from a judgment of the Oneida County Court (William D. Walsh, J.), rendered July 12, 2001. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), criminal possession of a controlled substance in the third degree (§ 220.16 [1]), criminal sale of a controlled substance in the third degree (§ 220.39 [1]) and conspiracy in the fourth degree (§ 105.10 [1]). County Court did not abuse its discretion in determining that a prospective juror's promise to be impartial was credible. Viewing the "entire testimony" of the prospective juror (*People v Torpey*, 63 NY2d 361, 368 [1984], *rearg denied* 64 NY2d 885 [1985]; *see People v Turner*, 6 AD3d 1190 [2004]), we conclude that the court had the discretion to deny defendant's challenge for cause (*see People v Arnold*, 96 NY2d 358, 363 [2001]). Because defendant thereafter failed to establish that the juror was grossly unqualified, the court properly permitted the juror to continue to serve (*see People v Attanasio*, 191 AD2d 447, 448 [1993], *lv denied* 81 NY2d 967 [1993]).

We agree with defendant that the court erred in precluding defendant's girlfriend from testifying as a defense witness because she had been present in the courtroom during prior testimony, when the court had failed to issue a sequestration order. However, we conclude that the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). We reject the contention of defendant that the court erred in admitting the identification testimony of a State Police investigator based on the People's failure to provide notice of that testimony pursuant to CPL 710.30. Such notice is not required where, as here, the identification by the investigator was merely confirmatory (*see People v Deleon*, 273 AD2d 27, 28 [2000], *lv denied* 95 NY2d 933 [2000]).

The court properly determined that the search of the attic at defendant's residence did not exceed the scope of the search warrant for those premises. Because the attic is accessible only through the upstairs apartment, the attic may be considered part of that upstairs apartment (*see People v Watson*, 254 AD2d 701 [1998], *lv denied* 92 NY2d 1055; *cf. People v Haynes*, 258 AD2d 971 [1999], *lv denied* 93 NY2d 1044 [1999]). Finally, the court properly denied defendant's motion to suppress evidence obtained from the eavesdropping warrant. The investigators' affidavits sufficiently "apprise[d] the issuing court of the nature and progress of the investigation, and of the difficulties inherent in the use of normal law enforcement methods, sufficient to ensure that eavesdropping [was] more than just a 'useful tool' in the investigation" (*People v Fonville*, 247 AD2d 115, 119 [1998]). Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.