■ In the Matter of JAMES GILL, Appellant, v BOARD OF TRUSTEES OF THE POLICE PENSION FUND, ARTICLE II, et al., Respondents. [838 NYS2d 542]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered June 12, 2006, which denied petitioner police officer's application to annul respondent Board of Trustees' determination denying petitioner an accidental disability retirement, and directed entry of judgment dismissing the petition, unanimously affirmed, without costs.

Where, as here, the determination of the Board of Trustees is the result of a tie vote, a court may not set aside the denial of an accidental disability retirement "unless it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident" (*Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145 [1997] [internal quotation marks omitted]). Since there is no credible evidence in the record causally relating petitioner's disabling seizures to dehydration or heat exhaustion or to trauma, the Board of Trustees determination must be affirmed. Concur—Sullivan, J.P., Nardelli, Williams, Gonzalez and Catterson, JJ.