In the Matter of TAMMY F. COLLETT, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM et al., Respondents. [927 NYS2d 466]—

Stein, J.

Petitioner was employed by a school district in Broome County as a bus driver and custodian. As a result of taking medication, petitioner fainted while at work and sustained

injuries from the resulting fall. Following the denial of her application for accidental disability retirement benefits by respondent New York State and Local Retirement System, a hearing was held at which the Administrative Law Judge determined that petitioner was not injured as a result of an accident as contemplated by Retirement and Social Security Law § 605. Respondent Deputy Comptroller adopted the Administrative Law Judge's findings as a final determination and this CPLR article 78 proceeding ensued. Upon transfer of the proceeding to this Court pursuant to CPLR 7804 (g), we now confirm.

On these facts, we agree that what happened to petitioner was not the result of an accident as that term is employed in the Retirement and Social Security Law and, therefore, she is not entitled to accidental disability retirement benefits. Because petitioner did not have 10 years of service credit at the time of her application for benefits, she was required to demonstrate that her physical incapacitation was "the natural and proximate result of an accident not caused by h[er] own willful negligence sustained in the performance of h[er] duties" (Retirement and Social Security Law § 605 [b] [3]). This has been interpreted as requiring petitioner to prove that the accident that produced her disabling injuries was the result of an "unexpected event" that was not an inherent risk of the work she was then performing (see Matter of Starnella v Bratton, 92 NY2d 836, 838-839 [1998]; Matter of McCambridge v McGuire, 62 NY2d 563, 568 [1984]; Matter of Balduzzi v McCall, 220 AD2d 796, 796-797 [1995]), and occurred while she was involved in an "activity undertaken in the performance of [her] ordinary employment duties" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982]).

Initially, we note that petitioner has presented no evidence that she fainted while she was performing any job-related function or that her fainting was in any way related to her work. Her position is that fainting in the work place, without more, qualifies a worker for accidental disability retirement benefits. The implications of such a holding and the impact it would necessarily have on the Retirement System is self-evident and ominous, but does not require any detailed discussion here. Suffice it to say that, to qualify for accidental disability retirement benefits, evidence must exist establishing that petitioner fainted in the course of an activity undertaken in the performance of her employment responsibilities. Here, petitioner concedes not

only that no such evidence has been presented,* but also that she fainted because she had an adverse reaction to medication and not because of anything remotely related to her work (*see Matter of Gill v Board of Trustees of Police Pension Fund, Art. II*, 41 AD3d 280 [2007] [application for accidental disability retirement benefits denied where there was "no credible evidence in the record causally relating [the] petitioner's disabling seizures" to work]; *see also Matter of Cusick v Kerik*, 305 AD2d 247, 253 [2003], *lv denied* 100 NY2d 511 [2003] [the petitioner's disability found to be the natural and proximate result of a "service-related accident" where the fainting occurred after the petitioner was exposed to noxious fumes in the course of his employment]). Accordingly, we find that the determination denying petitioner's application for accidental disability benefits should in all respects be confirmed (*see Matter of Riggins v Regan*, 199 AD2d 898, 899 [1993]).

Mercure, J.P., Peters, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Indeed, petitioner appears to admit in her brief that she was not performing a duty related to her work at the time she fainted.