*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015                519242
_____

In the Matter of ANNE P.
    WESTMORLAND,
                        Petitioner,

          v                                MEMORANDUM AND JUDGMENT

NEW YORK STATE AND LOCAL
    RETIREMENT SYSTEM,
                        Respondent.
_____

Calendar Date:  April 24, 2015

Before:  Peters, P.J., Garry, Egan Jr. and Lynch, JJ.

                        _____


        Pope Law Firm, PLLC, Williamsville (Paul T. Buerger Jr. of
counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Julie M.
Sheridan of counsel), for respondent.

                        _____


Egan Jr., J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Comptroller which denied
petitioner's application for additional pension service credits.

        Between December 1969 and July 1980, petitioner was
employed as a typist by the State University of New York at
Buffalo.  Petitioner retired due to illness on a tier 1 ordinary
disability pension effective July 24, 1980, at which point she
had accumulated nearly 11 years of service credit.  Petitioner's
health subsequently improved, and she returned to the university
in 1985 as a keyboard specialist.  Following her return,

petitioner continued to receive her disability pension benefit —
in addition to her salary and within the parameters set forth in
Retirement and Social Security Law § 102.

Ten years later, by letter dated March 29, 1995, petitioner
asked respondent to provide her with her service credit to date.
Respondent informed petitioner that she had accumulated 10 years,
7 months and 15 days of service credit between 1969 and 1980 and,
in conjunction therewith, expressly advised petitioner that she
was not "receiv[ing] service credit for time worked after
retirement while [she was] also receiving pension benefits."
Eleven years later, by letter dated May 12, 2006, petitioner
again wrote to respondent, this time inquiring as to whether she
had in fact applied to be "restored to membership" in respondent
and, further, whether it was possible to retroactively obtain
service credit for her postretirement work. After being advised
that she could not simultaneously collect her disability pension
benefit and be an active member of respondent earning service
credit, petitioner commenced an action seeking to restore the
service credit to which she believed she was entitled.
Respondent's subsequent motion to dismiss for failure to exhaust
administrative remedies was granted.

The matter eventually proceeded to an administrative
hearing, at the conclusion of which the Hearing Officer found,
among other things, that petitioner was not entitled to
additional service credit. The Comptroller adopted the Hearing
Officer's findings in this regard, prompting petitioner to
commence this CPLR article 78 proceeding to challenge the
Comptroller's determination.

We confirm. "The Comptroller 'is charged with the
responsibility of determining service credits for retirement
purposes and his determination will be upheld if rational and
supported by substantial evidence'" (Matter of Cohen v New York
State & Local Employees' Retirement Sys., 117 AD3d 1370, 1370
[2014], lv dismissed and denied 24 NY3d 1028 [2014], quoting
Matter of Williams v McCall, 283 AD2d 808, 809 [2001]; see Matter
of Ratzker v Office of the N.Y. State Comptroller [N.Y. State &
Local Retirement Sys.], 106 AD3d 1321, 1322 [2013], lv denied 22
NY3d 854 [2013]; Matter of Muccia v DiNapoli, 69 AD3d 1291, 1292

[2010]; <u>Matter of DeLuca v New York State & Local Employees'
Retirement Sys.</u>, 48 AD3d 876, 877 [2008]).  As the party seeking
additional service credit, petitioner bore the burden of
demonstrating her entitlement thereto (<u>see</u> <u>Matter of Cohen v New
York State & Local Employees' Retirement Sys.</u>, 117 AD3d at 1370;
<u>Matter of Ratzker v Office of the N.Y. State Comptroller [N.Y.
State & Local Retirement Sys.]</u>, 106 AD3d at 1322-1323; <u>Matter of
DeLuca v New York State & Local Employees' Retirement Sys.</u>, 48
AD3d at 877).

Retirement and Social Security Law § 102 governs
postretirement employment by disability pensioners and dictates,
based upon the disability retiree's final salary (<u>see</u> Retirement
and Social Security Law § 102 [f]) following his or her return to
active service, whether membership in respondent is mandatory
(<u>see</u> Retirement and Social Security Law § 102 [d]) or optional
(<u>see</u> Retirement and Social Security Law § 102 [e]).  Here, the
evidence adduced at the hearing revealed that petitioner's salary
upon returning to active service was such that membership in
respondent was not mandatory and that, despite exploring the
possibility of enrolling in respondent, petitioner never actually
exercised her option to do so.  Absent membership in respondent
following her return to service in 1985, and in light of her
continued receipt of disability pension benefits, petitioner
simply was not entitled to earn additional service credit.

Petitioner's related arguments on this point do not warrant
extended discussion.  Despite petitioner's protestations to the
contrary, the Comptroller was not under an affirmative duty to
either apprise petitioner of all available options relating to
her retirement benefits or ensure that she selected the most
advantageous benefit (<u>see</u> <u>Matter of O'Neill v Regan</u>, 114 AD2d
613, 614 [1985]; <u>cf.</u> <u>Matter of Gorey v New York State
Comptroller</u>, 83 AD3d 1363, 1364 [2011]; <u>Matter of Hutt v
Retirement Bd. of N.Y. State Teachers' Retirement Sys.</u>, 299 AD2d
679, 680 [2002]).[1]  Further, to the extent that petitioner

---

[1]  It bears repeating that petitioner was advised — in early
1995 and in no uncertain terms — that she was not "receiv[ing]
service credit for time worked after retirement while [she was]

contends that one of respondent's employees provided her with incomplete or erroneous advice regarding her membership/benefit options upon returning to service, it is well settled that, except in narrow circumstances not present here (see Matter of Atlantic States Legal Found., Inc. v New York State Dept. of Envtl. Conservation, 119 AD3d 1172, 1173 [2014]), "estoppel is not available against a governmental agency in the exercise of its governmental functions and respondent may not be estopped by the erroneous acts of its administrative employees" (Matter of Dear v New York State & Local Retirement Sys., 115 AD3d 1141, 1143 [2014], lv denied 23 NY3d 905 [2014] [internal quotation marks, brackets and citations omitted]).  More to the point, estoppel cannot be invoked "to create rights to retirement benefits to which there is no entitlement" (Matter of Bombace v Nitido, 117 AD3d 1375, 1376 [2014] [internal quotation marks and citations omitted]; see Matter of Price v New York State & Local Employees' Retirement Sys., 107 AD3d 1212, 1216 [2013]).  For all of these reasons, we find the Comptroller's determination denying petitioner additional service credit to be supported by substantial evidence.

Peters, P.J., Garry and Lynch, JJ., concur.

---

also receiving pension benefits."  It was not until May 2006 — roughly 11 years later — that petitioner sought input from respondent regarding her "options" in this regard.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court