■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD JONES, Appellant. [32 NYS3d 496]—

Judgments, Supreme Court, New York County (Richard D. Carruthers, J.), rendered October 1, 2014, convicting defendant, upon his pleas of guilty, of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree, and sentencing him to an aggregate term of 3½ years, unanimously affirmed.

The court properly denied defendant's suppression motion. A warrant to search defendant's apartment, identified by address and apartment number, was sufficiently specific to authorize a search of the apartment's bathroom, notwithstanding that it was located across the hall from the apartment's main door. Defendant had a key to the bathroom at issue, to the exclusion of others, and his apartment had no other bathroom. Thus, the bathroom was part of the apartment for all relevant purposes, or was at least appurtenant to it (see People v Brito, 11 AD3d 933, 935 [4th Dept 2004], appeal dismissed 5 NY3d 825 [2005]; see also United States v Fagan, 577 F3d 10 [1st Cir 2009], cert denied 559 US 958 [2010]). Accordingly, the search of the bathroom did not exceed the scope of the warrant.

We perceive no basis for reducing the three-year term of postrelease supervision. Concur—Mazzarelli, J.P., Andrias, Saxe, Gische and Kahn, JJ.