*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                 522238
_____

In the Matter of SHARON A.
    CAETANO,
                        Petitioner,

            v                                       MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller, et al.,
                        Respondents.
_____

Calendar Date:  May 31, 2016

Before:  Lahtinen, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

                    _____

        Flaherty & Shea, Buffalo (James P. Shea of counsel), for
petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

                    _____

Lahtinen, J.P.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller denying
petitioner's application for disability retirement benefits.

        In September 2012, petitioner, a senior election clerk for
the Erie County Board of Elections, applied for disability
retirement benefits alleging that she was permanently
incapacitated from performing her job duties due to injuries she
suffered as the result of a fall she took at work in 2007.  The
application was initially denied on the grounds that petitioner
had less than 10 years of service credit and that she had not

established that the 2007 incident constituted an accident within the meaning of the Retirement and Social Security Law. Petitioner requested a hearing and redetermination and, following a hearing, the Hearing Officer upheld the denial. Upon review, respondent Comptroller adopted the Hearing Officer's decision, and petitioner then commenced this CPLR article 78 proceeding.

We confirm. A member of respondent New York State and Local Employees' Retirement System may apply for disability retirement benefits if the member has "at least [10] years of total service credit" (Retirement and Social Security Law § 605 [b] [1]). Members with less than 10 years of total service credit may also apply for disability retirement benefits if they can show that their disability was "the natural and proximate result of an accident not caused by his [or her] own willful negligence sustained in the performance of his [or her] duties" (Retirement and Social Security Law § 605 [b] [3]; see Matter of Quevedo v Office of the N.Y. State Comptroller, 101 AD3d 1209, 1209 [2012]).

Initially, petitioner contends that the Comptroller erred in calculating her total service credit. "The Comptroller is charged with the responsibility of determining service credits for retirement purposes and his determination will be upheld if rational and supported by substantial evidence" (Matter of Cohen v New York State & Local Employees' Retirement Sys., 117 AD3d 1370, 1370 [2014] [internal quotation marks and citation omitted], lv dismissed and denied 24 NY3d 1028 [2014]; see Matter of Westmorland v New York State & Local Retirement Sys., 129 AD3d 1402, 1403 [2015]). Moreover, petitioner has the burden of establishing an entitlement to additional service credit (see Matter of Westmorland v New York State & Local Retirement Sys., 129 AD3d at 1403-1404; Matter of DeLuca v New York State & Local Employees' Retirement Sys., 48 AD3d 876, 877 [2008]).

Based upon petitioner's employment records, the Comptroller determined that she had only attained 9.95 years of total service credit. Petitioner contends that the yearly service credits in her records were inaccurate because they did not take into account time that she was out of work and being paid workers' compensation benefits in lieu of her salary. Although she based

her contention on her belief that Erie County credited her with that time for retirement purposes, the employment records do not reflect that, and she did not present any authority supporting her contention. Petitioner further relies on an October 2010 form letter from the Comptroller informing her that she had reached or was about to reach "[10] or more years of membership or credited service" (emphasis added) with the Retirement System. The letter pertains to the fact that petitioner would no longer have contributions to the Retirement System taken out of her paycheck. Inasmuch as this letter may only have acknowledged that petitioner had been a member of the Retirement System for 10 years, it is not necessarily indicative of petitioner having reached 10 years of total service credit. In light of petitioner's employment records, the Comptroller's determination that she had not attained 10 years of total service credit is rational and supported by substantial evidence and, in our view, petitioner did not satisfy her burden of establishing that she was entitled to additional service credit.

Petitioner was, therefore, required to demonstrate that her disability was the natural and proximate result of a work-related accident and the Comptroller's determination in that regard will be upheld if supported by substantial evidence (see Matter of Quevedo v Office of the N.Y. State Comptroller, 101 AD3d at 1209; Matter of Gonzalez v New York State & Local Employees' Retirement Sys., 79 AD3d 1562, 1562-1563 [2010]). For purposes of the Retirement and Social Security Law, an accident is "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citations omitted]; see Matter of Schoales v DiNapoli, 132 AD3d 1184, 1185 [2015]). "[A]n injury is not accidental in nature if it occurs as the result of an applicant's routine employment duties and does not involve an unexpected event" (Matter of Cirrone v DiNapoli, 80 AD3d 1069, 1070 [2011]; see Matter of Kenny v DiNapoli, 11 NY3d at 874). Petitioner testified that, on the day of the incident, she was walking down a hallway at work when she suddenly slipped and fell. According to petitioner, she did not know what she slipped on but that the floor must have been wet from a leaking garbage bag. She acknowledged, however, that she did not observe that the floor was wet before or after she fell and her clothes

were not wet after she fell.  We note that incident reports prepared by petitioner and her supervisor on the day of the incident do not reference the floor being wet, only that the floor was dirty and had a dried stain on it.  In light of this evidence, the Comptroller's determination that petitioner's injuries were sustained as the result of her own misstep or inattention, and not because of an accident, is supported by substantial evidence and will not be disturbed (see Matter of Magliato v DiNapoli, 78 AD3d 1457, 1458 [2010]; Matter of Bergin v McCall, 284 AD2d 792, 792 [2001]).  Petitioner's remaining claims have been considered and found to be without merit.

Egan Jr., Lynch, Devine and Mulvey, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court