Matter of Bell v DiNapoli (2019 NY Slip Op 00171)





Matter of Bell v DiNapoli


2019 NY Slip Op 00171


Decided on January 10, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 10, 2019

526891

[*1]In the Matter of RICHARD BELL, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: December 13, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Bartlett LLP, White Plains (Michael J. Catallo of counsel), for petitioner.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for disability retirement benefits.
Petitioner, a wastewater treatment plant operator, applied for disability retirement benefits in July 2015 citing an injury to his right knee in 1990 and an injury to his left knee in 2014. The application was denied upon the ground that the alleged 1990 injury occurred prior to petitioner becoming a member of the New York State and Local Employees' Retirement System and that the 2014 incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Following a hearing, at which petitioner conceded that he did not have 10 years of service credit and withdrew the 1990 injury as a basis for his application, the Hearing Officer upheld the initial denial, finding that petitioner failed to prove that the 2014 incident constituted an accident. Respondent adopted the Hearing Officer's findings and conclusions, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. Because petitioner concededly did not have 10 years of service credit when he applied for disability retirement benefits in 2015, he bore the burden of establishing that he "was physically or mentally incapacitated for [the] performance of gainful employment as the natural and proximate result of an accident not caused by his own willful negligence sustained in the performance of his duties" (Retirement and Social Security Law § 605 [b] [3]; see Matter of Caetano v DiNapoli, 140 AD3d 1579, 1580 [2016], lv denied 28 NY3d 906 [2016]; Matter of Collett v New York State & Local Retirement Sys., 86 AD3d 905, 906 [2011]). To that end, "an injury-causing event is accidental when it is sudden, unexpected and not a risk of the work [*2]performed" (Matter of Kelly v DiNapoli, 30 NY3d 674, 682 [2018]; see Matter of Loia v DiNapoli, 164 AD3d 1513, 1514 [2018]; Matter of Stancarone v DiNapoli, 161 AD3d 144, 146-147 [2018]). Although "the focus of the determination must be on the precipitating cause of the injury, rather than on the petitioner's job assignment" (Matter of Kelly v DiNapoli, 30 NY3d at 682 [internal quotation marks, brackets and citation omitted]), "an injury [that] occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (id. at 681 [internal quotation marks and citation omitted]; accord Matter of Iovino v DiNapoli, 162 AD3d 1447, 1448 [2018]; Matter of Sestito v DiNapoli, 161 AD3d 1499, 1500 [2018]).
Petitioner testified that, on the day in question, the treatment plant experienced a "power dip," causing certain pumps and fans to shut down and necessitating his intervention to restart that equipment. Petitioner's first attempt to restart two ventilation fans caused a circuit breaker to trip, requiring him to reset the breaker and attempt the process again. In his haste to restart the fans in the proper sequence, petitioner testified, he "slipped [on mud], twisted, wrenched [his] body
. . . and felt something happen to [his] knee."
Although petitioner argues that the power dip was "an unusual and rare occurrence" and that the activities he undertook in response thereto were a deviation from his normal employment duties, petitioner testified at the hearing that, due to ongoing construction at the treatment plant, "things were getting turned on, turned off" every day. Indeed, petitioner acknowledged that similar power dips "had occurred a handful of times" before, requiring him to restart the pumps and fans on at least one or two prior occasions. Furthermore, petitioner's job description, which was admitted into evidence at the hearing, included "[s]tart[ing] up and shut[ting] down components of wastewater treatment processes as required" to achieve operational goals. Despite petitioner's present assertion that he "was injured by an unexpected hidden danger in the pathway" between the two fans, his hearing testimony failed to identify any such hazard. More to the point, petitioner was aware that the area surrounding the fans was "unfinished" with "debris, dirt . . . [and] mud on the ground." He also testified that he initially traversed the area between the two fans without incident, and he acknowledged that he "didn't notice anything very obstructive" in the vicinity. Finally, although this apparently was the first time that petitioner had to restart the fans in the dark, he had a working flashlight on the day in question, which he admittedly did not use during his second attempt to restart the fans. Under these circumstances, the finding that petitioner "slipped and fell while performing routine employment duties" in an area that he knew to be muddy is supported by substantial evidence in the record as a whole (see Matter of Sestito v DiNapoli, 161 AD3d at 1500-1501; Matter of Mitchell v DiNapoli, 154 AD3d 1029, 1030-1031 [2017]; Matter of Buono v DiNapoli, 144 AD3d 1386, 1387 [2016]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Devine and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.