Matter of Rispoli v Dinapoli (2020 NY Slip Op 00900)





Matter of Rispoli v Dinapoli


2020 NY Slip Op 00900


Decided on February 6, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 6, 2020

528927

[*1]In the Matter of Ronald Rispoli, Petitioner,
v
Thomas P. Dinapoli, as State Comptroller, et al., Respondents.

Calendar Date: January 15, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Law Offices of James P. Clark, PC, Northport (James P. Clark of counsel), for petitioner.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondents.



Clark, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for additional pension service credits.
Between 1985 and 1990, petitioner was employed as a correction officer for the Nassau County Sheriff's Department. In 1990, petitioner joined the New York City Police Department as a police officer and transferred his 4.8 years of pension credits to the pension fund for New York City police officers. In 1995, petitioner took a position as a police officer with the Nassau County Police Department, where he remained until his retirement in 2016. Petitioner was thereafter advised by respondent New York State and Local Retirement System that, in calculating his creditable service for purposes of his retirement benefits under Retirement and Social Security Law § 384-e, he was not entitled to credit for his service with the Nassau County Sheriff's Department but was entitled to credit for his other service. Petitioner challenged that conclusion and, following a hearing, a Hearing Officer found that he was not entitled to service credit for his time as a correction officer with the Nassau County Sheriff's Department. Respondent Comptroller adopted the Hearing Officer's findings of fact and conclusions of law, prompting petitioner to commence this proceeding pursuant to CPLR article 78 challenging that determination.
We confirm. "The Comptroller is charged with the responsibility of determining service credits for retirement purposes and his determination will be upheld if rational and supported by substantial evidence" (Matter of Westmorland v New York State & Local Retirement Sys., 129 AD3d 1402, 1403 [2015] [internal quotation marks and citations omitted]; accord Matter of Caetano v DiNapoli, 140 AD3d 1579, 1580 [2016], lv denied 28 NY3d 906 [2016]; see Retirement and Social Security Law § 374 [b]). Further, "the burden rested on petitioner to show that he was entitled to additional retirement service credit" (Matter of Brickman v DiNapoli, 170 AD3d 1363, 1364 [2019]).
It was undisputed that petitioner was employed as a correction officer for Nassau County during the 4.8-year period in issue. As relevant here, public employers participating in the Retirement System who employ police officers and firefighters may elect to provide additional retirement benefits, including a shorter 20-year retirement plan, as well as additional pension payments for each year of service in excess of 20 years (see Retirement and Social Security Law §§ 331, 333, 384-d, 384-e [a], [b]). To that end, Retirement and Social Security Law § 384-e (a) provides that a participating employer that elects "to provide the benefits of the optional [20-]year retirement plan for its employees as specified in section [384-d]" may also elect to make certain contributions to provide the additional pension benefit for its employee-members "who are entitled to a pension pursuant to section [384-d]" (emphases added). However, as the Retirement System's manager testified, Retirement and Social Security Law § 384-d (a) limits the eligible job titles to firefighters and police officers, and does not include correction officers. Given that petitioner served as a correction officer during the period in dispute, he was not entitled to credit for that period under the optional retirement plan. Petitioner's reliance upon correspondence containing inaccurate information regarding service credit for his employment as a correction officer is unavailing, as the Comptroller has a statutory duty to correct errors and "cannot be estopped to create rights to retirement benefits to which there is no entitlement" (Matter of Smith v DiNapoli, 167 AD3d 1208, 1211 [2018] [internal quotation marks and citation omitted]; see Retirement and Social Security Law § 111 [c]; Matter of Regan v DiNapoli, 135 AD3d 1225, 1228 [2016], lv denied 27 NY3d 913 [2016]; Matter of Westmorland v New York State & Local Retirement Sys., 129 AD3d at 1404-1405).
To the extent that petitioner now relies upon the provision in Retirement and Social Security Law § 384-e (b) — which permits participating employers to elect to provide "any service credit earned with a public employer prior to service performed as a police officer or firefighter" (emphasis added) — he failed to raise this claim at the hearing or to introduce any evidence that his employer, the Nassau County Police Department, had made this election. Accordingly, this issue is not preserved for our review and this Court has no authority to consider it (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of White v Annucci, 161 AD3d 1428, 1429 [2018]). As the Comptroller's determination is supported by substantial evidence, it will not be disturbed (see Matter of Westmorland v New York State & Local Retirement Sys., 129 AD3d at 1403).
Lynch, J.P., Devine, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.