People v Moore (2021 NY Slip Op 03975)





People v Moore


2021 NY Slip Op 03975


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


997 KA 18-02412

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID M. MOORE, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered August 23, 2018. The judgment convicted defendant upon a plea of guilty of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress physical evidence relating to the first, second, fourth and fifth counts of the indictment is granted, the first, second, fourth and fifth counts of the indictment are dismissed, and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law
§ 220.16 [12]) and criminal possession of a weapon in the second degree (§ 265.03) in satisfaction of a five-count indictment, defendant contends that County Court erred in refusing to suppress physical evidence obtained by the police from stairs leading to an attic during the execution of a search warrant. We agree.
The Federal and State Constitutions provide that warrants shall not be issued except "upon probable cause . . . and particularly describing the place to be searched, and the persons or things to be seized" (US Const 4th Amend; NY Const, art I, § 12; see People v Cook, 108 AD3d 1107, 1108 [4th Dept 2013], lv denied 21 NY3d 1073 [2013]). "Although '[p]articularity is required in order that the executing officer can reasonably ascertain and identify . . . the persons or places authorized to be searched and the things authorized to be seized[,] . . . hypertechnical accuracy and completeness of description' in the warrant is not required" (People v Madigan, 169 AD3d 1467, 1468 [4th Dept 2019], lv denied 33 NY3d 1033 [2019], quoting People v Nieves, 36 NY2d 396, 401 [1975]). "One of the most fundamental characteristics of a search warrant is that '[t]he authority to search is limited to the place described in the warrant and does not include additional or different places' " (People v Caruso, 174 AD2d 1051, 1051 [4th Dept 1991]). "In order to protect the Constitutional right of privacy . . . from arbitrary police intrusion, 'nothing should be left to the discretion of the searcher in executing the warrant' " (id., quoting Nieves, 36 NY2d at 401).
Here, the warrant at issue authorized a search of "865 woodlawn upper apt. buffalo, n.y. 2 ½ story wood frame house white with white trim. attached garage and common areas," and drugs and drug packaging materials were found by the police behind a doorway on stairs leading to the attic. The doorway to the attic was in a hallway outside of the upper apartment and, as a result, the attic cannot be considered a part of the upper apartment itself (see People v Haynes, 258 AD2d 971, 971 [4th Dept 1999], lv denied 93 NY2d 1044 [1999]; People v Haynes, 256 AD2d 1193, 1194 [4th Dept 1998], lv dismissed 93 NY2d 853 [1999]; cf. People v Brito, 11 AD3d 933, 935 [4th Dept 2004], appeal dismissed 5 NY3d 825 [2005]; People v [*2]Watson, 254 AD2d 701, 701 [4th Dept 1998], lv denied 92 NY2d 1055 [1999]).
The question thus becomes whether the area where the drugs and packaging materials were found constitutes a common area. Common areas of multi-unit buildings are those areas " 'accessible to all tenants and their invitees' " (People v Espinal, 161 AD3d 556, 557 [1st Dept 2018], lv denied 32 NY3d 1064 [2018]; see People v Murray, 233 AD2d 956, 956 [4th Dept 1996], lv denied 89 NY2d 927 [1996]; see generally People v Powell, 54 NY2d 524, 530 [1981]). Here, the contraband was found by the police on the stairs leading to the attic, and a police officer testified at the suppression hearing that there was a closed door leading to the attic from the second floor common area. The officer in question was not present when the door was opened by other officers who executed the warrant, and he did not know whether the door had been locked. When asked whether "the door could have been locked and needed to be breached," the officer answered, "That is entirely possible." The People did not call any of the officers who were present when the door to the attic was opened, forcibly or otherwise, nor did they call the landlord or anyone who resided at the property.
Defendant testified that the door to the attic was closed and locked, and that, during the execution of the warrant, the door was broken down by the police. If the door was indeed locked, it cannot be said that the attic was accessible to all tenants and their invitees.
Under the circumstances, we conclude that the People failed to meet their initial burden of establishing the legality of the police conduct (see People v Wise, 46 NY2d 321, 329 [1978]; People v Baldwin, 25 NY2d 66, 70-71 [1969]), and that the court therefore erred in denying that part of defendant's omnibus motion seeking suppression of the contraband found on the stairs leading to the attic. There is no basis in the record to suppress evidence found by the police in the second floor apartment, including a loaded firearm. We therefore reverse the judgment, vacate the plea, grant that part of defendant's omnibus motion seeking to suppress physical evidence relating to the first, second, fourth, and fifth counts of the indictment, dismiss those counts of the indictment, and remit the matter to County Court for further proceedings on the remaining count.
We have reviewed defendant's remaining contentions and conclude that they lack merit, or are academic in light of our determination.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court