Matter of Walsh v Office of the N.Y. State Comptroller (2023 NY Slip Op 03391)

Matter of Walsh v Office of the N.Y. State Comptroller

2023 NY Slip Op 03391

Decided on June 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 22, 2023

535552
[*1]In the Matter of Edward Walsh, Petitioner,
v
Office of the New York State Comptroller et al., Respondents.

Calendar Date:April 25, 2023

Before:Garry, P.J., Egan Jr., Lynch, Fisher and McShan, JJ.

Barclay Damon, LLP, New York City (Christopher M. Shaw of counsel), for petitioner.
Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for respondents.

Lynch, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller denying petitioner's application for service retirement benefits under Retirement and Social Security Law § 89-f.
At all times relevant, petitioner was a correction officer for the Suffolk County Sheriff's Department and a member of respondent New York State and Local Retirement System. In January 2016, petitioner filed an application for service retirement benefits under a special retirement plan outlined in Retirement and Social Security Law § 89-f. The application, which encompassed the period from December 10, 1990 to February 19, 2016, hinged upon petitioner's completion of 25 years of "total creditable service" (Retirement and Social Security Law § 89-f [b]). Based upon calculations received from the employer, the Retirement System deemed petitioner to be eligible, and petitioner began receiving benefits. A subsequent federal investigation resulted in petitioner's indictment and conviction of theft of funds and wire fraud (see United States v Walsh, 2016 WL 6603187 [ED NY, Nov. 7, 2016, No. 15-CR-91 (ADS)], affd 774 Fed Appx 706 [2d Cir 2019]) — charges stemming from petitioner's submission of time sheets and overtime slips indicating that he was working for the employer when he was actually playing golf, frequenting a casino or engaging in political activities, all of which resulted in petitioner defrauding the employer of approximately $200,000 (see id. at *4-5).
Petitioner's employer subsequently notified respondent Office of the State Comptroller that petitioner's fraudulent time submissions resulted in a loss of 207.47 days of regular assigned work time (exclusive of an additional loss of 154.40 days of overtime). Upon reviewing the employer's adjustments to petitioner's work hours between January 2011 and April 2014, the Retirement System concluded that petitioner had only 24.50 years of total creditable service with the employer and discontinued petitioner's retirement benefits. Following a requested hearing and redetermination, the Hearing Officer found that the compilation of service credit prepared by petitioner's attorney was insufficient to demonstrate that petitioner had achieved the 25 years of total creditable service required and, further, that neither standby hours nor overtime hours were properly includable in calculating petitioner's total creditable service. The Comptroller upheld the denial of petitioner's application for service retirement benefits, and this CPLR article 78 proceeding ensued.
Preliminarily, inasmuch as the underlying petition expressly takes issue with the quality and quantity of the evidence presented at the adjudicatory hearing, including what petitioner argues was the conclusory testimony offered by the Retirement System's witness, we agree with respondents that the petition raises a question of substantial evidence and, hence, [*2]was properly transferred to this Court for review (see CPLR 7803 [4]; 7804 [g]; compare Matter of Biggs v Eden Renewables LLC, 188 AD3d 1544, 1545 n 2 [3d Dept 2020]; Matter of Cornelius v City of Oneonta, 71 AD3d 1282, 1284 [3d Dept 2010]). As to the merits, "[t]he Comptroller is charged with the responsibility of determining service credits for retirement purposes and [the] determination will be upheld if rational and supported by substantial evidence" (Matter of Rispoli v DiNapoli, 180 AD3d 1127, 1127 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Brickman v DiNapoli, 170 AD3d 1363, 1364 [3d Dept 2019]). Notably, it is the petitioner who bears the burden of demonstrating entitlement to the additional retirement service credit claimed (see Matter of Brickman v DiNapoli, 170 AD3d at 1364; Matter of Westmoreland v New York State & Local Retirement Sys., 129 AD3d 1402, 1403 [3d Dept 2015]).
Petitioner did not testify at the hearing, nor did he call any witnesses from the employer to attest to the fact that, even after deducting the fraudulent time entries previously reported, petitioner nonetheless had accrued sufficient total creditable service to retire under the provisions of Retirement and Social Security Law § 89-f. Instead, petitioner opted to rely upon a one-page summary of total creditable service prepared by his attorney who, in turn, utilized a selection of petitioner's payroll records to express his opinion that petitioner had accrued the 25 years of total creditable service required. As the Hearing Officer observed, however, absent detailed testimony as to the manner in which such calculations were performed, counsel's unsubstantiated interpretation of the limited payroll records supplied was insufficient to demonstrate petitioner's entitlement to the claimed service credit — regardless of the nature of the hours utilized (regular, standby or overtime). As petitioner failed to meet his burden of proof in this regard, his application for retirement benefits was properly denied upon this ground (see generally Matter of Caetano v DiNapoli, 140 AD3d 1579, 1580-1581 [3d Dept 2016], lv denied 28 NY3d 906 [2016]; Matter of DeLuca v New York State & Local Employees' Retirement Sys., 48 AD3d 876, 877-878 [3d Dept 2008]).
Although petitioner takes issue with the sufficiency of the testimony offered by the Retirement System's witness, the corresponding documentary evidence relied upon in denying petitioner's application for benefits and the Hearing Officer's inartful phrasing of the underlying issue presented, petitioner's arguments on these points ignore the fact that it was he, not the Retirement System, who bore the burden of proof at the administrative hearing. Finally, inasmuch as counsel's one-page interpretation of selected portions of petitioner's payroll data was insufficient to establish the total creditable service claimed, we need not consider whether, as petitioner contends, his standby or overtime [*3]hours should have been included in counsel's calculations. Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.