Matter of Tomei v McDonald (2026 NY Slip Op 01571)

Matter of Tomei v McDonald

2026 NY Slip Op 01571

Decided on March 19, 2026

Appellate Division, Third Department

Corcoran, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 19, 2026

CV-24-1568

[*1]In the Matter of Marion Tomei, Petitioner,
vJames . McDonald, as Commissioner of Health, et al., Respondents.

Calendar Date:January 9, 2026

Before: Clark, J.P., Pritzker, McShan, Powers and Corcoran, JJ.

Nina Keilin, New York City, for petitioner.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for James V. McDonald and another, respondents.

Corcoran, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Health denying petitioner's request to be reimbursed for out-of-pocket expenses for personal care services.
Petitioner is a Medicaid recipient determined eligible for medical assistance benefits and issued a Common Benefit Identification Card (hereinafter CBIC) in October 2020.[FN1] Medicaid is a joint federal-state program through which participating states furnish medical assistance to eligible low-income individuals pursuant to a federally approved state plan. In New York, administration of the program is vested in the Department of Health (hereinafter DOH). In July 2021, following petitioner's hospitalization and discharge from a skilled nursing facility, her daughter applied on her behalf to the Nassau County Department of Social Services (hereinafter the county) for immediate needs personal care services, including home health care. Eligible recipients may elect to participate in one of two options for personal care assistance at home: the Personal Care Assistance program (hereinafter PCA) or the Consumer Directed Personal Assistance Program (hereinafter CDPAP). Under the PCA, the local social services district furnishes services through contracted Medicaid-participating home care agencies. Under the CDPAP, the recipient assumes responsibility for hiring and supervising personal assistants, whose wages are paid by the local social services district through a Medicaid fiscal intermediary. Recipients ordinarily do not pay directly for the services under either program.
The county approved petitioner to receive 24-hour live-in personal care services effective July 8, 2021. Shortly thereafter, petitioner's daughter elected to pursue services through CDPAP and the county promptly authorized petitioner to do so. Although petitioner's daughter searched diligently for a qualified provider, CDPAP services through a Medicaid-participating intermediary were unavailable, primarily due to a COVID-19 pandemic-related shortage of aides. Thus, petitioner's daughter asked the county to authorize PCA services on July 25, 2021 and the county approved her request on September 3, 2021. From July 2021 through September 2021, petitioner paid $14,220 out of pocket for home care services through a private, non-Medicaid-enrolled agency because no Medicaid-enrolled aide was available.
Petitioner sought reimbursement from the county of her out-of-pocket expenses for personal care services provided from July 4, 2021 through September 21, 2021 by the nonparticipating home care agency. The county denied reimbursement under 18 NYCRR 360-7.5 because the expenses were incurred after petitioner was determined eligible for services and received a CBIC. Petitioner pursued administrative review. The first fair hearing led to a stipulation whereby the county agreed to reconsider petitioner's claim after investigating [*2]whether any COVID-19 related policy exceptions applied to her reimbursement request. Specifically, the county agreed to ask state regulators whether existing rules for reimbursement were relaxed due to the shortage of aides during the pandemic. After reevaluation, the county again denied reimbursement, noting that no pandemic-specific exceptions applied; it adhered to its determination that Medicaid regulations did not allow the county to reimburse petitioner for her out-of-pocket personal care service expenses because she incurred them after she had obtained her CBIC.
The second fair hearing was conducted on May 17, 2022 before an Administrative Law Judge (hereinafter ALJ). Petitioner's daughter credibly described her unsuccessful efforts to find a Medicaid-participating provider. The ALJ found her testimony "persuasive and compelling" and acknowledged the county's inability to furnish an available provider but concluded that reimbursement was not authorized under 18 NYCRR 360-7.5 because the expenses were incurred and paid after petitioner had been issued a CBIC. After petitioner retained counsel, the fair hearing was reopened but the ALJ again concluded that reimbursement was not authorized. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul respondent Commissioner of Health's (hereinafter respondent) determination. After respondents answered, Supreme Court transferred the proceeding to this Court (see CPLR 7804 [g]).[FN2]
Because the petition presents a question of regulatory interpretation rather than a substantial evidence question, Supreme Court should not have transferred the proceeding pursuant to CPLR 7804 (g). Nevertheless, in the interest of judicial economy, we retain jurisdiction and, upon consideration of the merits, confirm (see Matter of Rovinsky v Zucker, 167 AD3d 122, 124 [3d Dept 2018]).
Deference is ordinarily afforded to an administrative agency's rational construction of its own regulation, "unless that interpretation conflicts with the plain meaning of the regulatory language" (Matter of Developmental Disabilities Inst., Inc. v New York State Off. for People with Dev. Disabilities, 214 AD3d 1101, 1103 [3d Dept 2023]). Such deference "is warranted because, having authored the promulgated text and exercised its legislatively delegated authority in interpreting it, the agency is best positioned to accurately describe the intent and construction of its chosen language" (Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 174 [2019]). "When [an agency] determination is supported by a rational basis, it must be sustained even if the reviewing court would have reached a different result" (Matter of Spence v Office of the N.Y. State Comptroller, 240 AD3d 1067, 1070 [3d Dept 2025] [internal quotation marks and citations omitted]).
The medical assistance program pays for medical care as set forth in 18 NYCRR part 360 and makes corrective payments as authorized by 18 NYCRR 360-7.5. Here, respondent and [*3]respondent Commissioner of the Office of Temporary and Disability Assistance contend that the "error and delay" provisions in 18 NYCRR 360-7.5 apply only to decisions about a recipient's eligibility for Medicaid (or the level or duration of specific personal care services). In contrast, petitioner argues that the regulation also encompasses agency mistakes or delays in providing authorized services after eligibility is established. As explained below, we agree with respondents that the text of the regulation supports their argument here.
In general, payment for covered medical services is made directly to the enrolled Medicaid provider that furnished the care under the vendor payment principle (see 18 NYCRR 360-7.5 [a] [1]). Requiring providers to enroll in Medicaid serves important public policy objectives, including ensuring that services are delivered by qualified providers subject to program standards, oversight and reimbursement controls (see 18 NYCRR 504.1 [a]; 504.3, 504.8, 517.3). However, when agency error or delay disrupts compliance with the vendor payment principle, the regulation authorizes reimbursement to the recipient or the recipient's representative in narrowly defined situations. As relevant here, the recipient or their representative may be reimbursed where "an erroneous [medical assistance] eligibility determination is reversed" or where "the social services district fails to determine [medical assistance] eligibility within the time periods" prescribed by regulation, and if that error or delay causes the recipient "to pay for medically necessary services which otherwise would have been paid for by the [medical assistance] program" (18 NYCRR 360-7.5 [a] [3] [i] [a], [b]). As the regulatory scheme makes clear, reimbursement is tied to errors or delays in eligibility determinations, not to errors or delays in delivery of authorized services (see Matter of Dell'Olio v New York State Off. of Temporary & Disability Assistance, 166 AD3d 614, 616 [2d Dept 2018]). Although petitioner argues persuasively that she suffered the inequitable consequences of the pandemic-related shortage of home care services, respondent's interpretation was rational and we are constrained to grant it deference given the plain language of the regulation (see Matter of Concourse Rehabilitation & Nursing Ctr., Inc. v Zucker, 217 AD3d 1189, 1192 [3d Dept 2023]; Matter of Developmental Disabilities Inst., Inc. v New York State Off. for People with Dev. Disabilities, 214 AD3d at 1104; Matter of Wayne Ctr. for Nursing & Rehabilitation, LLC v Zucker, 197 AD3d 1409, 1415-1416 [3d Dept 2021], lv denied 37 NY3d 919 [2022]). As relevant here, the regulation authorizes the county to reimburse a recipient with a CBIC only when the county made an erroneous or late decision to deem a recipient eligible for specific home care services. Here, the county timely and correctly determined that petitioner was eligible for Medicaid in October 2020 and eligible for personal care [*4]services on or about July 8, 2021, only one week after she applied. Petitioner does not allege that she was entitled to more services than the county authorized on July 8, nor that she incurred out-of-pocket expenses because the county delayed her application for Medicaid.
We are not persuaded by petitioner's arguments that administrative guidance, agency decision or any case construing the pertinent regulation justifies inquiry beyond the regulatory text. Petitioner's contention that DOH Administrative Directive 10 OHIP/ADM-9 creates a reimbursement right independent of 18 NYCRR 360-7.5 lacks merit. Although the directive states that reimbursement "may also be available" due to a delay in the provision of personal care services, the directive does not have the force of a duly promulgated regulation; to the extent the directive conflicts with the regulation, which limits reimbursement to errors or delays in the eligibility determination process, "the regulation prevails" (Matter of Rovinsky v Zucker, 167 AD3d at 126).[FN3]
Likewise, we are not persuaded by petitioner's argument that Greenstein v Bane (833 F Supp 1054 [SD NY 1993]) requires a different result. According to Greenstein, the State may not treat Medicaid recipients differently based on whether an erroneous eligibility determination was corrected by the agency or alternatively through litigation or the fair hearing process; such disparate treatment would violate the Medicaid Act's comparability requirements (see id. at 1073-1074). Greenstein did not, however, expand the category of reimbursable errors beyond eligibility-related determinations, nor did it address reimbursement for recipients' direct payments to providers due to a shortage of Medicaid-approved home care providers (see id.; Seittelman v Sabol, 91 NY2d 618, 628 n 4 [1998]).
The fair hearing decisions cited by petitioner similarly do not provide grounds to annul respondent's determination. Although an agency's unexplained departure from its own precedent when faced with similar facts "require[s] reversal on the law as arbitrary" (Matter of Atlanticare Mgt., LLC v Ives, 212 AD3d 132, 143 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 40 NY3d 902 [2023]), the administrative decisions cited by petitioner do not reflect a settled, contrary administrative practice. Rather, those determinations involved reimbursement where the agency's initial eligibility or service-level determination was later reversed, or where the expenses were incurred within a retroactive or pre-CBIC period expressly contemplated by regulation.[FN4] Accordingly, petitioner has not demonstrated an unexplained departure from prior agency practice that would render the administrative determination arbitrary or capricious.
Petitioner's remaining contentions are unavailing. Although petitioner claims the county deprived her of due process when she could not find an aide, she only requested reimbursement and never sought a fair hearing to [*5]challenge the alleged delay. "[T]he mere assertion of a due process violation does not excuse petitioner from pursuing available administrative remedies that can afford the requested relief" (Matter of Connerton v Ryan, 86 AD3d 698, 700 [3d Dept 2011]; accord Matter of Shining Star Home Care, LLC v Zucker, 215 AD3d 1090, 1092 [3d Dept 2023]). Finally, because petitioner did not argue at any fair hearing that (1) she was entitled to reimbursement under 42 CFR 431.246, or (2) the CBIC-based limitation violates federal Medicaid law, these issues are "not preserved for our review and this Court has no authority to consider [them]" (Matter of Rispoli v DiNapoli, 180 AD3d 1127, 1128 [3d Dept 2020]; see Matter of Dell'Olio v New York State Off. of Temporary & Disability Assistance, 166 AD3d at 616). Accordingly, because respondent's interpretation of the governing regulation was rational and consistent with its plain language, the challenged determination must be confirmed.
Clark, J.P., Pritzker, McShan and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: The CBIC is the standard Medicaid ID card, which serves as proof of enrollment in the Medicaid program.

Footnote 2: The county's commissioner was also named as a respondent but did not file a brief and advised us that she takes no position on the appeal.

Footnote 3: DOH has reissued the 2010 directive without this language, to eliminate any confusion regarding the limited circumstances in which reimbursement is authorized.

Footnote 4: Petitioner urges us to find respondent's determination arbitrary based in part on a 2012 fair hearing decision in which an ALJ ordered prospective home care services after deeming an agency's protracted delay in providing a qualified aide to constitute "constructive discontinuance" of Medicaid services (NY St Dept of Health Decision No. 6057538K [Apr. 26, 2012, Ryan, ALJ], https://otda.ny.gov/fair%2520hearing%2520images/2012-4/Redacted_6057538K.pdf [last accessed Mar. 16, 2026]). However, petitioner did not claim below that her authorization was terminated; she neither challenged the county's failure to provide an aide nor sought prospective relief. Moreover, this isolated fair hearing decision neither establishes an inconsistent administrative practice nor constitutes a departure from agency precedent.